**In the Matter of Rose Marion VOSS, Debtor.**

**Bankruptcy No. 86–3050.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 28, 1987.

Lee Ellen Acevedo, Tampa, Fla., for debtor.

ORDER ON OBJECTION TO CLAIM OF THE INTERNAL REVENUE SERVICE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case, and the matter under consideration is an Objection to the Claim of the Internal Revenue Service

(IRS) filed in the amount of $3,819.23, plus interest and penalties. The claim of the IRS is challenged by Rose Marion Voss, the Debtor (Debtor), who claims that the IRS improperly disallowed certain tax deductions which she claimed were charitable contributions on her 1982 and 1983 tax returns. Based on the foregoing she claims that she is not indebted to the IRS in any amount, and therefore, the claim of the IRS should be disallowed. The facts relevant to the issues raised by her objection as appear from the record established at the final evidentiary hearing can be summarized as follows:

In 1982 the Debtor was living in La Jolla, California, and was married to one Sonny Voss, who was an ordained minister of the Universal Life Church of California (ULC). The ULC is a California corporation and maintains its headquarters in Modesto, California. Sonny Voss established a ULC congregation in La Jolla, California. The church was operated out of the residence of the Debtor and Sonny Voss, which was rented and paid for by the congregation who also provided all their living expenses. During the time relevant the Debtor while she resided in California was employed full time by a medical research facility but claims to have provided counseling services in her spare time to troubled youths on behalf of the congregation.

In 1983 the Debtor, who in the meantime divorced Sonny Voss, moved to Nashville, Tennessee, and obtained full-time employment with the Vanderbuilt University Medical Research Facility. Although, as noted, she was no longer married to Sonny Voss, she set up residence with Sonny Voss in Nashville, who again established a congregation of the ULC at the residence where they resided together. Just as in California, the congregation not only furnished rent to the Debtor but also covered all of Sonny Voss' and the Debtor's living expenses. The Debtor claims to have rendered on a part-time basis counseling services to young people on behalf of the congregation for which she did not receive, again, just as in California, any monetary formal compensation. During tax year 1982 the Debtor had a gross income of $20,841.00, of which she claims to have contributed $10,420.88 to the La Jolla congregation, which contribution she claimed as a charitable deduction. The Debtor in her 1983 income tax return claimed $5,282.88 as a charitable deduction based on her contribution allegedly made to ULC.

The Debtor's tax returns for the years 1982 and 1983 were audited by the IRS. As a result of the audit the charitable deductions claimed by her for the respective tax years were disallowed based on the following conclusion: First, according to the Revenue Agent, in order for a contribution to be tax deductible, the organization receiving the contribution must have applied for and obtained tax exempt status pursuant to 26 U.S.C. § 501(c)(3). Neither the La Jolla congregation or the Nashville congregation ever applied for and received tax exempt status. Second, the Debtor failed to offer proof that the monies contributed were ever sent to the ULC headquarters in Modesto, California, the church which had a § 501(c)(3) exemption. Third, the Debtor failed to offer proof that Sonny Voss was, in fact, a representative of the Modesto, California, ULC and authorized to accept charitable contributions on behalf of that church. As a result, the IRS assessed a tax deficiency against the Debtor in the amount of $11,163.05 for 1982, and $556.00 for 1983.

The Debtor contested this assessment. In due course the assessment was reviewed by the IRS review board and later sent to the Appeals Division of the IRS and the assessment was found to be proper on review. Subsequently the IRS issued a statutory notice of deficiency. The proof of claim filed by the IRS is in the amount of $3,819.23 and is based on the taxes due for 1982 and 1983, with interest and penalties.

The Debtor objected to the IRS claim, alleging that the IRS wrongfully disallowed the charitable deduction she claimed for her contributions to the ULC. In support of her objection the Debtor presented receipts of the contributions she claimed to have made the ULC. These receipts (Debtor's Exh. # 1 & 2) are ULC Form No. 04, copyright Universal Life Church, Inc., 601

Third Street, Modesto, CA 95351, entitled ULC Receipt for Donation and are signed by Sonny Voss, although there is no indication on the receipts of which position, if any, he held with the ULC of the California corporation.

Neither is there anything in this record which warrants the finding that any of these monies were ever sent to the ULC headquarters located in Modesto, California, or that Sonny Voss was, in fact, acting on behalf of the ULC of California and that the funds were used for purposes other than meeting his living expenses and the living expenses of the Debtor.

The precise issues raised by the respective contentions of the parties were considered by the Ninth Circuit in *Hall v. Commissioner of Internal Revenue,* 729 F.2d 632 (9th Cir.1984), a case which appears to be directly on point. The church involved in *Hall* was also the Universal Life Church. In that case, the Court of Appeals concluded that exemptions granted to the parent church, i.e., the ULC of Modesto, California, does not automatically carry over to local congregations, and local congregations of the ULC must separately qualify as charitable organizations independent of its parent church before contributions to the local congregation can be tax deductible.

Based on the foregoing, this Court is satisfied that the IRS disallowance of the deductions taken by the Debtor was correct, and the IRS claim should be allowed as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to overruled, and the claim of the Internal Revenue Service be, and the same is hereby, allowed as filed.