**William R. and Lorna E. HALL, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 82–7532.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1984.

Decided March 30, 1984.

---

Peter R. Stromer, Los Gatos, Cal., for petitioners-appellants.

Thomas Preston, Los Angeles, Cal., for respondent-appellee.

Before CHOY, NELSON and CANBY, Circuit Judges.

NELSON, Circuit Judge:

Appellants William and Lorna Hall deducted $3951 as charitable contributions on their 1976 tax return. Most of this money had been donated to the Church of the United Brotherhood ("CUB"), a chartered congregation of the Universal Life Church, Inc. The congregation was organized by William Hall and two of his friends. It practiced no formal rituals, was not housed in a church building, and, except for the charter, no organizational documents were introduced into evidence below. The Tax Court held that contributions to the congregation did not qualify for charitable deductions and sustained the Commissioner's imposition of a penalty for disregard of Internal Revenue rules and regulations. Hall appeals this ruling on several grounds. We affirm.

DISCUSSION

I. THE CUB IS NOT A CHARITABLE ORGANIZATION UNDER I.R.C. § 170.

Hall argues that the Universal Life Church is a tax exempt charity. *See Uni-*

*versal Life Church, Inc. v. United States,* 372 F.Supp. 770, 776 (E.D.Cal.1974). Accordingly, contributions to one of its congregations, the CUB, should be deductible.

■ The courts have repeatedly held that exemptions for parent churches do not automatically carry over to local congregations. *See, e.g., Riemers v. Commissioner,* 50 T.C.M. (P.H.) para. 81,456 (1981); *Kellman v. Commissioner,* 50 T.C.M. (P.H.) para. 81,615 (1981). The CUB is thus not automatically a charitable organization under section 170.

■ The CUB also cannot qualify as a charitable organization independent of its parent church. To qualify under section 170, entities must be "organized and operated exclusively for religious" or charitable purposes. I.R.C. § 170. To be organized as an exempt organization, an entity's assets must be dedicated so that, upon dissolution, they would be distributed for an exempt purpose. Treas.Reg. 1.501(c)(3)–1(b)(4). Hall made no attempt to show that the CUB's assets were so dedicated and thus did not satisfy the organizational test.

■ The CUB also does not satisfy the operational test, which requires that no part of an entity's net earnings inures to the benefit of private shareholders or individuals. Treasury Regulations on Income Tax, Sec. 1.501(c)(3)–1(c)(2). The evidence presented below established that the CUB served almost exclusively to funnel a rental allowance to its officers. The case law suggests that use of funds for personal living expenses, other than reasonable salaries to the clergy, constitutes inurement to a private person under the Internal Revenue Code. *See Founding Church of Scientology v. United States,* 412 F.2d 1197, 1200, 188 Ct.Cl. 490 (1969), *cert. denied,* 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970).

Hall responds that it is only improper for an organization's *net* earnings to inure to a private person; otherwise, no church could pay salaries to its clergy. He contends that his rental allowance should not be deemed part of the CUB's net earnings.

Appellee correctly notes that although the I.R.C. prohibits only the private inurement of "net earnings," I.R.C. § 501(c)(3), net earnings has been given a fairly broad definition by the courts. *See Founding Church of Scientology v. United States,* 412 F.2d 1197, 1200, 188 Ct.Cl. 490 (1969), *cert. denied,* 397 U.S. 1009, 90 S.Ct. 1237, 25 L.Ed.2d 422 (1970). Excessive parsonage allowances have specifically been held to preclude a church from attaining tax exempt status. *See Unitary Mission Church of Long Island v. Commissioner,* 74 T.C. 507 (1980), *aff'd by unpublished order,* (2d Cir. Jan. 19, 1981). Here, Hall and the two other church officers received a rental allowance to cover their housing and rental payments, utilities, and maintenance. The rental allowance depended on how much they had contributed to the church. The Tax Court's conclusion that the CUB does not qualify for a section 170 exemption is not clearly erroneous.

## II. THE TAX COURT DID NOT ABUSE ITS DISCRETION BY IMPROPERLY EXCLUDING EVIDENCE.

At trial, Hall tried to introduce in evidence an undated annual contribution statement from the Universal Life Church to prove that he had made contributions to a bona fide charity. The Tax Court excluded this evidence as hearsay. On appeal, Hall argues that the statement should have been admitted into evidence under either the business records or religious records exceptions to the hearsay rule. Fed.R. Evid. 803(6) & (11).

■ Church records are admissible under the business records exception if a proper foundation is laid by a qualified witness. H.R.Conf.Rep. No. 93–1597, 93d Cong., 2d Sess. at 11, *reprinted in* [1974] 4 U.S.Code Cong. & Ad.News 7051, 7098, 7104. That foundation must consist of testimony that the proffered record was created near the time of the act, was based on reliable information, and that it was the regular practice of the Church to keep the record and rely upon it in the conduct of its business. *See Clark v. City of Los Ange-*

*les,* 650 F.2d 1033, 1037 (9th Cir.1981), *cert. denied,* 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982). Here, no such foundation was laid, so the evidence was properly excluded.

■ Similarly, the evidence did not fall under the religious records exception to the hearsay rule. Rule 803(11) excepts from hearsay "[s]tatements of births, marriages, divorces ... or other similar facts of personal or family history, contained in a regularly kept record of a religious organization." Fed.R.Evid. 803(11). Statements of contributions to a church do not constitute such personal information. Thus, the contribution statement was properly excluded.

### III. THE TAX COURT DID NOT IMPROPERLY QUESTION HALL ABOUT HIS RELIGIOUS BELIEFS AND QUALIFICATIONS FOR THE MINISTRY.

■ Hall argues that Tax Courts cannot properly question taxpayers about religious doctrines or qualifications for the ministry. He cites *United States v. Ballard,* 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944), for the proposition that people "may not be put to the proof of their religious doctrines or beliefs."

The citation to *Ballard* is inapposite. There, in a mail fraud case involving an unorthodox religious sect, Justice Douglas wrote that "[m]en may believe what they cannot prove. They may not be put to the proof of their religious doctrines or beliefs." *Id.* Hall, of course, was not asked to prove his religious beliefs. I.R.C. § 170 sets forth objective requirements that must be satisfied to qualify for tax exempt status. Hall was simply asked to prove that the CUB satisfied those requirements. Such an incidental burden on religion is clearly permissible. *See, e.g., Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Courts routinely permit cursory questioning in the Tax Court to determine whether an organization is entitled to a religious exemption. *See Unitary Mission Church of Long Island v. Com-*

*missioner,* 74 T.C. at 514. Thus, Hall's argument is without merit.

### IV. THE TAX COURT PROPERLY HELD HALL LIABLE FOR ADDITIONS TO TAX UNDER SECTION 6653(a).

Section 6653(a) provides that in the event that any part of an underpayment in federal income tax is due to negligence or intentional disregard of the rules and regulations, an addition to tax of five percent of the underpayment shall be added to the tax. I.R.C. § 6653(a). Hall contends that the government should bear the burden of proving negligence, as it does in ordinary civil suits. Since no evidence on this issue was presented to the Tax Court, Hall argues that the addition to tax should be rescinded.

■ Additions to tax are initially imposed by the Commissioner. His determination is presumptively correct and must stand unless the taxpayer can establish that he was not negligent. *See Axelrod v. Commissioner,* 56 T.C. 248, 258 (1971). The Ninth Circuit routinely affirms assessments of additions to tax unless the taxpayer can meet this burden. *See, e.g., Rethorst v. Commissioner,* 509 F.2d 623 (9th Cir.1974), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975). Thus, Hall's argument is without merit.

### CONCLUSION

Hall's arguments are uniformly without merit. The decision of the Tax Court is AFFIRMED.