RODNEY D. BEASLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beasley v. Commissioner
Docket No. 9862-82.
United States Tax Court
T.C. Memo 1984-304; 1984 Tax Ct. Memo LEXIS 370; 48 T.C.M. (CCH) 287; T.C.M. (RIA) 84304; June 14, 1984. Rodney D. Beasley, pro se. Jerry Lanting Leonard, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c)[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent *372 has determined a deficiency in the amount of $1,408 in petitioner's Federal income tax for 1978. Respondent has now conceded an issue involving petitioner's claim for head-of-household filing status and has also conceded a child care credit of $122. Thus, there remains for our determination whether petitioner should be allowed a charitable contribution deduction of $4,808 under section 170 for a claimed donation of 1,150 fine art prints to the Universal Life Church in 1978. FINDINGS OF FACT Petitioner resided in Las Vegas, Nevada, at the time of filing his United States Individual Income Tax Return for 1978 as an unmarried head of a household. Petitioner also resided in Las Vegas at the time of filing his petition in this case. Some of the facts have been stipulated and are so found. Petitioner was employed as a clerk in a food store during the taxable year. He also devoted some of his time during the taxable year to his work as an artist, but did not reflect any such business activity on a Schedule C to accompany his return. On his Federal income tax return for 1978, petitioner claimed a charitable contribution deduction of $6,652 for the purported donation of 1,150 *373 fine art prints of an Indian, entitled "Running Horse," to the Universal Life Church of Modesto, California (hereinafter ULC-Modesto) on December 26, 1978. In his notice of deficiency, respondent denied the claimed charitable contribution deduction for lack of substantiation. OPINION Section 170(a)(1) allows a deduction for charitable contributions. To be entitled to such a deduction, petitioner must prove that he made an unconditional gift to a qualified entity. Davis v. Commissioner,81 T.C. 806, 817 (1983). Respondent concedes that the ULC-Modesto is an organization described in section 170(b)(1)(A)(i) and that contributions to it are deductible.See Universal Life Church, Inc. v. United States,372 F.Supp. 770 (E.D. Cal. 1974). Respondent contends that petitioner has failed to prove that he made a contribution of the prints to ULC-Modesto during 1978 as claimed on his return. After a careful consideration of the record, we agree with respondent. Petitioner did not produce any evidence other than his own testimony to support his claimed contribution. [3] Petitioner testified that the original drawing of "Running Horse" was executed in *374 1972, and that 1,250 black and white prints were reproduced by a lithographer in Las Vegas in 1975. Petitioner testified that he sold 100 of the 1,250 prints of "Running Horse" prior to December 26, 1978, and that he contributed the remaining 1,150 prints to ULC-Modesto.He claimed he had shipped those 1,150 prints to ULC-Modesto by United Parcel Service. On cross-examination, however, he testified that he, or an organization called "U.L.C. Publishing, Las Vegas, Nevada," retained possession of at least some of the prints after the date of the alleged contribution of the prints to ULC-Modesto. Petitioner also had copies of receipts, signed by him, for amounts received by him from sales of the prints after the date of the purported donation of the prints to ULC-Modesto. [4]
*375 In light of the inconsistencies in petitioner's testimony, we find that he failed to sustain his burden of proving that he made an unconditional gift of 1,150 prints of "Running Horse" to ULC-Modesto. Our conclusion on this point makes it unnecessary to address the parties' contentions regarding the value of the prints alleged to have been donated ULC-Modesto or the application of section 170(e)(1)(A) and the regulations thereunder. To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. At trial, the Court refused to admit into evidence a document allegedly from ULC-Modesto purporting to evidence its receipt of $8,731 from petitioner for 1978. Petitioner failed to provide the requisite foundation for admission of the document. See Hall v. Commissioner,729 F.2d 632 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; Davis v. Commissioner,81 T.C. 806, 814↩ (1983). In any event, the proffered document made no reference to receipt of any fine art prints. 4. Petitioner claimed he sent amounts received by him from sales of the prints to ULC-Modesto, but produced no evidence to support his contention. In any event, the issue before us is petitioners' claimed charitable contribution deduction for the purported donation of 1,150 prints to ULC-Modesto in 1978, not the deductibility of amounts received from sales of the prints in later years and purportedly contributed to ULC-Modesto.↩