DON A. TEUSCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Teuscher v. Commissioner
Docket No. 18642-83.
United States Tax Court
T.C. Memo 1985-79; 1985 Tax Ct. Memo LEXIS 547; 49 T.C.M. (CCH) 795; T.C.M. (RIA) 85079; February 25, 1985. Peter R. Stromer, for the petitioner. Patricia Golembiewski, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's individual income tax for the year 1981 in the amount of $5,157.00, together with additions to the tax of $257.85 under section 6653(a)(1) and 50% of the interest due on the underpayment under section 6653(a)(2). [1] At the time the petition herein was filed, petitioner's address was in Highland, New York. *548 Pursuant to notice duly served on the parties on October 19, 1984, the above case was called from the calendar for trial at a trial session of the Court held in San Francisco, California on January 7, 1985. Both parties were represented by counsel, but petitioner himself did not appear in Court. Respondent's counsel notified the Court that respondent had previously served a subpoena upon petitioner to appear at trial, and tendered to the Court a copy of said subpoena, with proof of service, which the Court ordered filed as part of the record herein. In response to inquiry from the Court, petitioner's counsel stated that petitioner was not prepared to proceed with trial, but gave no reason or excuse therefor. Respondent accordingly moved the Court to dismiss this case and enter decision for respondent, based upon petitioner's failure to appear in response to the Court's subpoena, and based upon the statement of petitioner's counsel that petitioner was not prepared to proceed. Respondent's motion was granted, and decision in favor of respondent will be entered with respect to deficiencies in tax and additions to tax as contained in respondent's statutory notice of deficiency. *549 Rules 123, 149; Stojalowsky v. Commissioner,T.C. Memo. 1983-236. At the call of this case from the calendar, and after petitioner's case had been dismissed for failure to prosecute, respondent filed with the Court a motion for award of damages in favor of respondent under section 6673, with supporting memorandum, and petitioner filed a memorandum in opposition to said motion. Prior to the call of this case from the calendar, and on December 17, 1984, petitioner filed with the Court a motion for summary judgment, which was denied by the Court on December 21, 1984. In his opposition to petitioner's motion, respondent, in addition to opposing the motion for summary judgment on the merits, further requested the Court to make an award of expenses and fees against petitioner, and to take disciplinary action against petitioner's counsel, both under the provisions of Rule 121(f). [2]
*550 We will consider respondent's motion under section 6673 first. The petition in the instant case was filed on July 6, 1983, on what appears to be a pre-printed form. Except for such matters which were peculiar to this petitioner, such as name, residence, years and amounts in issue and the like, the contents of said petition were almost identical to the petitions filed by taxpayers previously in the cases of Slaughter v. Commissioner,T.C. Memo. 1983-502, affd. without published opinion 746 F.2d 1479 (6th Cir. 1984); Wert v. Commissioner,T.C. Memo. 1984-499; Brennan v. Commissioner,T.C. Memo. 1984-500. The only difference in the instant case was the following additional language, added to paragraph 5 of the petition, and a new paragraph 6, which read as follows: a through i above, plus IRS' reliance on Rev. Ruling 77-290 is misplaced. Said Ruling refers to a revocable Vow of Poverty. Petitioner's vow is irrevocable. Petitioner relied on the law in effect for over 50 years (1919 to 1977) respecting Vows of Poverty: IRS Income Tax Ruling O.D. 119. Therefore, there is no justification for assessment of either *551 negligence penalties or penalties for intentional disregard of rules and regulations. Petitioner has been denied due process and equal protection by IRS' official position as published in IRS Publication 5, wherein the IRS refuses to consider administrative appeals and protests based upon religious grounds. 6. This Court lacks jurisdiction to determine the validity of petitioner's Vow of Poverty as said determination is beyond the scope of this Court's jurisdiction granted per Internal Revenue Code $7442. Said determination affects petitioner's constitutional rights respecting the Establishment and Free Exercise clauses of the First Amendment to the U.S. Constitution. Such constitutional rights cannot be adjudicated by an Article I Court, such as the U.S. Tax Court, but must be reserved for Article III Courts. Northern Pipeline Construction Co. v. Marathon Pipeline Co.,     U.S.    , 102 S. Ct. 2858 (1982). By the time the instant case came on for trial, both Wert and Brennan had been decided adversely to the taxpayers therein, and the Court had awarded damages in favor of the government under section 6673, stating This Court consistently has *552 held that income earned or received by a person in his individual capacity is taxable to that individual regardless of any alleged vow of poverty. [Numerous citations omitted.] The stale constitutional claims raised in the petition repeatedly have been rejected by this and other courts. No reasonably prudent person could have expected this Court to reverse itself on these issues in this proceeding. We conclude that petitioner filed this case for the sole purpose of delaying payment of taxes on * * * wages which he knew were taxable to him under the income tax laws of the United States. [Wert v. Commissioner,supra;Brennan v. Commissioner,supra.] The additional material in the petition herein, asserting a lack of jurisdiction in this Court to consider alleged constitutional issues, was also the subject of the untimely motion for summary judgment filed herein, and was dealt with by the Court, adversely to petitioner's position, in Slaughter v. Commissioner,supra;Wert v. Commissioner,supra;Brennan,supra;Kalgaard v. Commissioner,T.C. Memo. 1984-283; *553 and Hall v. Commissioner,T.C. Memo. 1982-337, affd. 729 F.2d 632 (9th Cir. 1984). The Court's rulings in those cases - that petitioners alleged constitutional argument was without merit - was specifically approved by the Sixty Circuit in Slaughter v. Commissioner,supra, and by the Ninty Circuit in Hall v. Commissioner,supra.
Thus, by the time the instant case came on for trial, the results in all those preceding cases were known and specifically had to be known by this petitioner, since his counsel herein was also counsel for petitioners in all those other cases. [3] In the face of this knowledge, however, petitioner's motion for summary judgment herein was filed on December 17, 1984, only about three weeks before the scheduled trial of this case. That such filing was intended to do nothing more than delay the ultimate disposition of this case is made manifest not only by its late filing, see Rule 121(a), but by the fact that petitioner was not ready to proceed with trial when the case was called, and indeed did not even appear, although he had been subpoenaed to do so. *554 It is accordingly clear to the Court that petitioner's position in the instant case is both frivolous and groundless, and petitioner knew it, and that the instant case was maintained by petitioner simply to delay the payment of his taxes. We accordingly award damages in favor of the United States under section 6673 against petitioner in the amount of $5,000. See Abrams v. Commissioner,82 T.C. 403 (1984). We turn now to respondent's motion for relief and sanctions against petitioner and his counsel under the provisions of Rule 121(f). That subsection provides as follows: RULE 121. SUMMARY JUDGMENT (f) Affidavit Made In Bad Faith: Should it appear to the satisfaction of the Court at any time that any of the affidavits presented pursuant to this Rule are presented in bad faith or for the purpose of delay, the Court may order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable counsel's fees, and any offending party or counsel may be adjudged guilty of contempt or otherwise disciplined by the Court. In the instant case, the only attachment *555 to petitioner's motion for summary judgment was a "Declaration," purportedly executed by petitioner himself under penalties of perjury but not executed under oath. Passing the question whether such document should nevertheless be considered an "affidavit" for purposes of this Rule, and even assuming that said document was presented for purposes of delay, as we have found the motion for summary judgment to be, respondent has nevertheless failed to make any showing as to the "reasonable expenses" or "reasonable counsel's fees" which he incurred as the result of petitioner's acts. We accordingly deny respondent's motion for relief under Rule 121(f) under the facts of this case. [4]
To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted, and all statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue.↩
2. Because respondent's opposition to petitioner's motion for summary judgment was only received by the Court at calendar call, and was apparently only served upon petitioner's counsel a few days prior thereto -- all occasioned by petitioner's tardy filing of his motion for summary judgment, see Rule 121(a) -- the Court granted leave to petitioner's counsel to file a memorandum in opposition to respondent's request for relief under Rule 121(f) within 30 days, and this was done.↩
3. Petitioner's counsel herein was not counsel for the taxpayer in this Court in Hall v. Commissioner,T.C. Memo. 1982-337↩, but was counsel for the taxpayer on appeal to the Ninth Circuit.
4. Nothing should be inferred here beyond what we actually say. We only hold here that, under the facts of this case, relief under Rule 121(f) is not the appropriate remedy.↩