GARY E. BROWN AND MARY ELLEN BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 24044-83.
United States Tax Court
T.C. Memo 1985-244; 1985 Tax Ct. Memo LEXIS 385; 49 T.C.M. (CCH) 1531; T.C.M. (RIA) 85244; May 23, 1985. Gary E. Brown and Mary Ellen Brown, pro se. John Wertz, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in the Federal income tax of petitioners and additions to tax as follows: Addition to tax
Taxable Year
Deficiency
Under Section 6653(a) [1]
1980
$3,771.00
$342.90
1981
4,175.00
208.75
The issues for decision are whether (1) petitioners *386 are entitled to deductions for amounts allegedly contributed to the Universal Life Church, and (2) the additions to tax determined against petitioners should be sustained. Some of the facts have been stipulated and are found accordingly. For convenience, the findings of fact and our opinion have been combined. Petitioners, husband and wife, resided in Newark, Delaware at the time they filed their petition herein. They filed timely Federal income tax returns for the calendar years 1980 and 1981. In their returns, petitioner reported gross income, consisting entirely of wages and salaries, totalling $34,683.21 for 1980 and $41,784.07 for 1981. In those returns, they claimed deductions for charitable contributions of $14,860.00 in 1980 and $12,725.00 in 1981. The 1981 return specified that the claimed contributions were made to "Universal Life Church"; the 1980 return contained no specification. Respondent disallowed the deductions in their entirety. Petitioners' entire case is based upon the assertion that they regularly sent cash contributions by regular mail to the Universal Life Church in Modesto, California, an organization which, during the taxable years 1980 and 1981, *387 had an exemption from tax under section 501(c)(3). [2] The burden of proof is on petitioners, both as to the claimed deductions and the additions to tax. Welch v. Helvering,290 U.S. 111 (1933); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rule 142(a). Petitioners' assertion is based upon oral testimony of petitioner Gary Brown and two documents purportedly on the stationery of Universal Life Church, Inc., and entitled "ANNUAL RECEIPT OF CONTRIBUTIONS." One document relates to the year 1980 and states "Our records show that you have contributed to the Church and aggregate amount of: $14,860.00." The other document relates to the year 1981 and contains the same language with an amount of $12,725.00. As far as the two documents are concerned, they are clearly inadmissible evidence. There was no testimonial foundation of any kind that might have provided a basis for their admission as business records or enabled the Court to find a guarantee of trustworthiness sufficient to *388 meet the exception set forth in Rule 803(24), Fed. Rules of Evidence.[3] In this connection, we note that the receipts appear to be standard forms in which only the names and addresses of purported donees and the amounts are separately typed. For aught that appears, the typed information, particularly the amounts, could have been supplied by petitioners themselves. Mustain v. Commissioner,T.C. Memo. 1982-670, n.6. It is also not beyond the realm of possibility that petitioners obtained blank forms and typed the appropriate information themselves.
As far as the testimony of petitioner Gary Brown is concerned, we note at the outset that we are not *389 bound to accept his testimony as gospel even though it is not controverted; we are entitled to take into account whether it is improbable, unreasonable, or questionable. Quock Ting v. United States,140 U.S. 417, 420-421 (1891); Dougherty v. commissioner,60 T.C. 917, 932-933 (1973); Leong v. Commissioner,T.C. Memo. 1977-19 (and cases collected therein), affd. by Court order (2d Cir., Dec. 19, 1977). At the very least, we find it wholly improbable that petitioners would have contributed to charity over 40 percent of their gross income in 1980, and over 30 percent in 1981. Similarly, we find it unreasonable and even improbable that petitioners would have sent the amounts claimed in the form of cash, and by ordinary mail, particularly since they maintained a checking account from which other expenditures were paid by check. Finally, we seriously doubt that any monthly receipts, purported to have been received by Mr. Brown, ever existed. The two cases cited by petitioners in support of their position, Jefferson v. United States, 74-1 USTC par. 9205, 32 AFTR 2d 73-6053 (N.D. Ga. 1973), and Vincent v. Commissioner,T.C. Memo. 1984-453, *390 present such different factual situations that to say that they are distinguishable is a gross understatement. The long and the short of the matter is that to accept Mr. Brown's testimony would strain credulity beyond any reasonable limits. Accordingly, we sustain respondent's disallowance of the claimed contributions to the Universal Life Church, and, since petitioners, who had the burden of proof, presented no other evidence in respect of the additions to tax, those determinations are likewise sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the taxable years in issue. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the Internal Revenue Service has recently revoked its prior determination as to this status. Announcement 84-90, 1984-36 I.R.B. 32↩.
3. See Hall v. Commissioner,729 F.2d 632, 634-635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court; Davis v. Commissioner,81 T.C. 806, 814-815 (1983), on appeal (9th Cir., June 25, 1984); Howard v. Commissioner,T.C. Memo. 1985-203; Gaster v. Commissioner,T.C. Memo. 1984-590; Rondinelli v. Commissioner,T.C. Memo. 1984-155; Mustain v. Commissioner,T.C. Memo. 1982-670↩.