JAMES L. AND JANICE T. GREEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Green v. Commissioner
Docket No. 30125-91
United States Tax Court
T.C. Memo 1993-93; 1993 Tax Ct. Memo LEXIS 84; 65 T.C.M. (CCH) 2099; March 17, 1993, Filed *84 James L. Green, pro se. For respondent: Ansley N. Acree. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1987, together with additions to tax, in the following amounts: Additions to tax
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
1987
$ 5,272
$ 264
[1]
The issues for decision are: (1) Whether petitioners are entitled to a $ 10,000 deduction under section 179 relating to their purchase of a *85 boat, (2) whether petitioners are entitled to a depreciation deduction of $ 3,162 under section 167 relating to the boat, (3) whether petitioners may deduct a $ 530 insurance expense relating to their boat, (4) whether petitioners are entitled to a deduction under section 179 relating to their automobile and home office assets, and (5) whether petitioners are liable for additions to tax for negligence. Some of the facts have been stipulated, and they, together with exhibits attached to the stipulation, are so found. Petitioners resided at Spicewood, Texas, when they timely filed their petition herein. It is well settled that deductions are a matter of legislative grace, and petitioners bear the burden of proving entitlement to any deductions claimed on a return and that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner James L. Green (hereinafter petitioner) was employed in 1987 as Vice President and Chief Financial Officer of American Capital Asset Management & Research, Inc. (hereinafter American Capital) in Houston, Texas. Petitioner has been a certified public accountant for many years, *86 and he identifies himself in his business documents as a C.P.A. In his capacity at American Capital, petitioner was in charge of financial reporting for the corporation, shareholder relations, and the corporate tax area of the firm. Petitioner was terminated by American Capital on December 8, 1987. Petitioner had known he would be terminated since about July of 1987. Throughout 1987 petitioners lived in Houston, but they also owned a home in Spicewood on the waterfront at Lake Travis, near Austin, Texas. On August 15, 1987, petitioners purchased a 23-foot Sea Ray Boat for $ 21,654. On August 19, 1987, they brought the boat to their property on Lake Travis. On their Schedule A of their joint return for 1987, petitioners claimed unreimbursed employee business expenses of $ 38,107 and other miscellaneous expenses of $ 593. Included in these claimed expenses was a section 179 deduction of $ 10,000, a section 167 depreciation deduction of $ 3,162, and an insurance deduction of $ 530 -- all attributable to the boat. Petitioners reported on their return that they placed the boat in service on August 1, 1987, and that it was used 90 percent in connection with petitioner's trade or *87 business. Respondent disallowed the claimed deductions relating to the boat on the ground that they were not ordinary and necessary business expenses. At trial, petitioner argued that he mistakenly claimed the expenses on the Schedule A, and that he should have reported the expenses on a Schedule C. Petitioner concedes that the boat was not bought in connection with his employment at American Capital. He maintains, however, that he bought the boat solely for use in his consulting business. Petitioner testified that he realized by the middle of the tax year that he was going to be terminated from American Capital. Thus, he began preparing for a career in financial consulting and accounting as a sole practitioner. Petitioner argues that he bought the boat only because he became interested in either consulting for, or owning, a marina. Since he believed boat owners to be a closed fraternity, he decided that his quest to work as a consultant for a marina could only be realized by acquiring a boat for himself. Only after becoming a boat owner, petitioner contends, would he have the requisite credibility among marina owners to permit him to pursue his marina consulting business *88 and, ultimately, to pursue a marina proprietorship. Petitioner further contends that he only used the boat once in 1987 and that this sole use was for business reasons. This solitary use, on August 20, 1987, was for the sole purpose of visiting marinas in the Lake Travis area to discuss potential employment as a consultant or a potential sale to petitioner. Petitioner maintains that subsequent to this one boat excursion in 1987, he injured his back and was unable to enjoy the use of the boat for the remainder of the year. Thus, petitioner argues, the boat was not a personal asset in 1987. Petitioner was unsuccessful in his attempts to purchase a marina or to obtain consulting positions with any marina. Section 162(a) allows a deduction of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. For taxable year 1987, section 179 allows a taxpayer to elect to expense the cost of certain property acquired for use in the active conduct of a trade or business in an amount not to exceed $ 10,000 in the year the property was placed in service. Sec. 1.179-1(a) and 1.179-1(b), Income Tax Regs. Petitioners did not persuade *89 us, however, that they acquired the boat for use in a trade or business. Even assuming arguendo that petitioner only used the boat once in 1987, we simply cannot find from this record that petitioner's boating activities in 1987 were sufficiently connected to petitioner's trade or business of being a financial consultant and accountant. We hold that the purchase and use of the boat was primarily for personal purposes. Thus, we disallow the section 179 deduction for the boat. Since petitioner did not persuade us that his purchase and use of the boat in 1987 was directly connected with a trade or business or other income-producing activity, petitioners are likewise not entitled to a depreciation deduction under section 167 for the cost of the boat. We further hold that petitioners are not entitled to deduct the costs of insuring the boat. We find these costs to be nondeductible personal expenses under section 263. Petitioners raised the issue of a section 179 deduction for their Lincoln automobile for the first time at trial. Petitioners argue that when petitioner was terminated from American Capital and began his consulting business, the Continental became a vehicle used predominantly *90 for business. Petitioners indicated on their 1987 return, however, that the Lincoln was depreciated and was placed in service in 1986. In order for petitioners to secure a section 179 deduction for this automobile in 1987, they would have had to make a valid election for such tax treatment in 1986, which they failed to do. Sec. 179(a); see also sec. 1.179-1(a), Income Tax Regs. Further, they would have to show that the automobile was used in a trade or business. They did not make this showing. Thus, petitioners are not entitled to a section 179 deduction in 1987 for their Lincoln placed in service in 1986. Petitioners also raised the issue of a section 179 deduction for an Oriental rug placed in petitioner's home office in 1987. They failed, however, to introduce any evidence of the costs of any assets for their home office. Accordingly, a section 179 deduction for any home office assets is also disallowed. We turn now to the question of negligence. Respondent determined that petitioner is liable for additions to tax for negligence under section 6653(a). Negligence under 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would *91 do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations are "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner therefore bears the burden of proving he is not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). In light of petitioner's educational and business experience, we conclude on this record that petitioner was negligent in his underpayments of tax. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩