CARL E. AND MARIAN A. GRINDLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grindle v. Commissioner
Docket No. 4791-92
United States Tax Court
T.C. Memo 1993-297; 1993 Tax Ct. Memo LEXIS 300; 66 T.C.M. (CCH) 55; July 12, 1993, Filed *300 Decision will be entered for respondent. Carl E. Grindle, pro se. For respondent: Christine V. Olsen. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined a deficiency in petitioners' 1988 Federal income tax and additions to tax as follows: Additions to Tax Deficiency
Sec. 6653(a)
Sec. 6661
$ 3,759
$ 687.95
$ 3,439.75
The issues for decision are whether petitioners are entitled to a deduction in the amount of $ 56,000 for research and experimental expenditures, which they claim were incurred by a partnership in which Carl E. Grindle was a partner; and whether petitioners are liable for the additions to tax. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Poway, California, when they filed their petition. From July through December of 1988, petitioner Carl E. Grindle provided $ 56,000 to Mr. Edward A. Saunders to fund "research and development" of a neon-lighting system and other inventions. Mr. Grindle was a passive investor and provided no services to the enterprise. On December 23, 1988, Mr. Grindle, Edward Saunders, *301 and Mr. Larry E. Saunders incorporated G & S Research Corp. in Delaware. Corporate minutes dated December 28, 1988, indicate that Carl E. Grindle supplied $ 56,162 to G & S Research Corp., which was to be credited to capital paid in surplus. In early 1989, G & S Research Corp. filed an Election by a Small Business Corporation (Form 2553) to be an S corporation. The election was denied as untimely for taxable years prior to 1990, but was granted as effective beginning January 1, 1990. G & S Research Corp. did not file a timely corporate Federal income tax return for 1988. On their 1988 U.S. Individual Income Tax Return (Form 1040), Schedule E, petitioners deducted the $ 56,000 supplied to Edward Saunders as a passive loss from a partnership named G & S Research. G & S Research did not file a partnership return or Schedules K-1 for 1988. Petitioners also reported $ 230 in other passive losses and $ 30,870 as passive income on their Schedule E, leaving them with a total passive loss of $ 25,360. Respondent determined in the notice of deficiency that petitioners were not entitled to the deduction of $ 56,000. We are asked to decide whether petitioners may deduct the $ 56,000 *302 as their distributive share of a partnership loss due to research and experimental expenditures. Section 174[1] allows as a current deduction research or experimental expenditures that are paid or incurred during the taxable year in connection with the taxpayer's trade or business. Sec. 174(a)(1). A taxpayer may adopt this method of accounting for such expenditures without the consent of the Secretary in the first taxable year in which such expenditures are paid or incurred. Sec. 174(a)(2)(A)(ii). While respondent stipulates that petitioners provided the $ 56,000 in 1988 to Edward Saunders for the purpose of completing research and development of a neon-lighting system and other inventions not yet determined, respondent argues that petitioners have not shown that any amounts were actually spent for research or *303 experimentation. Petitioners bear the burden of proving that the $ 56,000 was indeed spent in 1988 for research and experimentation. [2] Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *304 Petitioners offered no records to substantiate the existence of any research and development expenditures. The testimony of Mr. Grindle and Edward Saunders did not establish that any amounts were expended for research and experimentation in 1988. Mr. Grindle testified that he was a completely passive investor and did not know whether the G & S Research partnership had a gain or loss nor did he know how much was spent for research and experimentation in 1988. Edward Saunders testified that records substantiating the expenditures were available, but he did not produce them at trial. [3] No other evidence substantiating the alleged expenditures appears in the record. *305 Petitioners contend that their position has always been consistent with regard to the deduction at issue, and they offered evidence supposedly refuting any potential inconsistencies. Unfortunately for petitioners, substantiation requires more than consistency and sincerity. It requires recordkeeping or other substantiating evidence. See Koons v. Commissioner, 35 T.C. 1092, 1101-1102 (1961); Sivic v. Commissioner, T.C. Memo. 1993-54; Chung v. Commissioner, T.C. Memo. 1986-131. [4] Petitioners have presented us with neither. Moreover, even if they had, a deduction under section 174 requires proof of a connection with a trade or business. Sec. 174(a); Snow v. Commissioner, 416 U.S. 500 (1974); Green v. Commissioner, 83 T.C. 667, 686 (1984). Petitioners have offered us no such proof. In sum, petitioners have failed to carry their burden of proof with regard to their deduction of the $ 56,000. *306 Respondent determined that petitioners are liable for an addition to tax for negligence under section 6653(a). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or disregard of rules or regulations. Respondent's determination is presumed correct and petitioners bear the burden of proving otherwise. Rule 142(a); Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Negligence within the meaning of section 6653(a) has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence includes any failure to make a reasonable attempt to comply with the provision of the Internal Revenue Code. Sec. 6653(a)(3). Petitioners failed to produce any records substantiating partnership research and development expenditures for $ 56,000 or showing that the other requirements of section 174 were *307 met. See sec. 174(a) (requiring trade or business connection); Green v. Commissioner, supra. No partnership return was filed. Even if they had shown the existence of partnership research and development expenditures, they offered no evidence that it resulted in a partnership loss or what their share of any loss would have been. Petitioners have failed to satisfy their burden of proof; we therefore hold for respondent on this issue. Respondent also determined that petitioners are liable for an addition to tax under section 6661, which imposes an addition equal to 25 percent of any underpayment due to a substantial understatement of tax. Sec. 6661(a). Petitioners bear the burden of proving that respondent's determination is incorrect. Rule 142(a); Hall v. Commissioner, supra.For purposes of this case, "understatement" means the excess of the tax required to be shown on the return over the tax that is shown on the return. See sec. 6661(b)(2)(A). An understatement is substantial if it exceeds the greater of: (1) 10 percent of the tax required to be shown on the return for the taxable year; or (2) $ 5,000. *308 Sec. 6661(b)(1)(A). According to respondent's determination, the tax required to be shown on petitioners' return was $ 17,490. Ten percent of this is $ 1,749. Respondent determined that petitioners' understatement was $ 13,759 and that this was also the amount of the underpayment. This exceeds both $ 5,000 and $ 1,749. See sec. 6661(b)(1)(A). Petitioners have not disputed respondent's determination, and there is nothing in the record upon which to relieve petitioners from this liability. Therefore, we find that petitioners' underpayment is due to a substantial understatement, and we hold for respondent on this issue as well. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. If petitioners can establish the amounts of the research and experimental expenditures, they must then show that several other circumstances existed to be entitled to the deduction at issue, including: (1) That the $ 56,000 was spent by a partnership, rather than G & S Research Corp.; (2) that the partnership had a loss for the year, $ 56,000 of which was Mr. Grindle's distributive share, sec. 702; (3) that Mr. Grindle's basis in that partnership was sufficient to allow the deduction, sec. 704(d); (4) that the requirements of sec. 174 were met, see sec. 174(a); Snow v. Commissioner, 416 U.S. 500 (1974); Green v. Commissioner, 83 T.C. 667, 686↩ (1984); and (5) that Mr. Grindle materially participated in the partnership, see sec. 469, or that petitioners had sufficient passive income with which to offset the $ 56,000. Petitioners have argued none of these issues.
3. Edward Saunders also testified that a 1988 partnership return submitted by petitioners to respondent during a 1991 audit contained a line indicating the amount spent on research and development. This return is not part of the record in this case and, in any event, a one-line summation would have provided little information as to the actual nature of the expenditures.↩
4. Sec. 6001 requires taxpayers to keep "such records * * * as the Secretary may from time to time prescribe." The Commissioner has long imposed requirements that recordkeeping be done in sufficient detail to permit verification of the total amount of research and experimental expenditures deducted. See Rev. Rul. 58-356, 1958-2 C.B. 104, 105; secs. 1.174-3(b)(3)(v), 1.174-4(b)(1)(vi), Income Tax Regs.↩