FRANK AND CYNTHIA PELHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pelham v. Commissioner
Docket No. 3071-89
United States Tax Court
T.C. Memo 1993-441; 1993 Tax Ct. Memo LEXIS 452; 66 T.C.M. (CCH) 820; September 21, 1993, Filed *452 Decision will be entered for respondent as to the deficiencies, computation of interest pursuant to section 6621(c), and the addition to tax under section 6661 for the taxable years 1985 and 1986 and for petitioners with respect to the additions to tax under section 6653(a)(1) and (2) for the taxable year 1985 and section 6653(a)(1)(A) and (B) for the taxable year 1986. Frank Pelham, Jr., and Cynthia D. Pelham, pro sese. For respondent: Patricia Anne Golembiewski and Susan Mosely. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181 and 183. [1]
Respondent determined deficiencies in and additions to petitioners' Federal income tax for the taxable years 1985 and 1986 as follows: Additions To Tax
Sec.
Sec. Sec.
Sec.
Sec. Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6659 [1]
1985
$ 8,589
$ 429
[2]
--
--
$ 2,577
1986
13,653
--
--
$ 683
[2]
4,096
*453 Respondent conceded the section 6659 addition to tax for the taxable years 1985 and 1986. Petitioners conceded liability for the deficiencies and that interest on the deficiencies will be computed pursuant to section 6621(c). Petitioners also conceded the addition to tax pursuant to section 6661 for both years. The issue remaining for decision is whether petitioners are liable for the additions to tax for negligence. FINDINGS OF FACT Petitioners were a married couple residing in Suitland, Maryland, at the time of the filing of the petition herein. During the years in issue, petitioners were employed by the Washington Metropolitan Area Transit Authority. Petitioner Frank Pelham, Jr., who did not complete a high school education, was employed as a mechanic's assistant, while petitioner Cynthia Pelham, a high school graduate, was employed as a bus operator. In 1985, petitioners were introduced to Waymon L. Hunt (hereinafter Hunt) by Dorothy Valentine (hereinafter Valentine). Valentine had prepared petitioners' returns since at least 1982. Petitioners' tax returns for 1982, 1983, and 1984 reflect that Valentine was not affiliated with any other organization as a tax preparer. However, petitioners' 1985 and 1986 tax returns reflect that Valentine was affiliated with CWI Financial *454 & Estate Planning (hereinafter CWI) as a tax return preparer. Hunt was the president of CWI while also holding himself out as a financial adviser with CWI. During 1985, petitioners, relying on Valentine's introduction, employed Hunt as their financial adviser. As part of the consulting arrangement, petitioners entered into a retainer and fee agreement with Hunt, through CWI. Hunt suggested that petitioners (and others) invest in a company known as Gold Depository and Loan Co., Inc. (GD&L). GD&L is a company which promoted and purported to sell marine dry cargo containers of the type used by ocean-going cargo vessels for the carriage of dry cargo. Petitioners met with Hunt in his office to discuss the investment and were informed that they would receive a return on their investment through tax savings as well as a return of capital. Much of their discussion concerned a review of GD&L's prospectus. Petitioners also discussed the investment with Valentine. In November 1985, petitioners executed a Container Purchase and Lease Agreement with GD&L, whereby they purportedly purchased marine dry cargo containers. Petitioners paid $ 13,500 for the agreement. The cash payment represented *455 5 percent of the alleged purchase price. The 95-percent balance ($ 256,500) was to be in a note to be arranged by GD&L with a third-party lender. Unbeknownst to petitioners, Hunt received a fee from the lender of 15 percent of petitioners' cash down payment. On Schedules C of their joint Federal income tax returns for the 1985 and 1986 taxable years, petitioners claimed deductions for depreciation, interest expenses, and management fees in connection with their purported purchase of containers from GD&L. Also on their 1985 joint income tax return, petitioners computed investment tax credits of $ 27,000 relating to the marine dry cargo containers. Petitioners did not use any of the credits for the 1985 taxable year because, according to their calculations, no tax was due for that year. However, petitioners filed a Form 1045 to carry back the credit from 1985 to 1982, 1983, and 1984. As a result of this carryback, petitioners claimed a refund for those years; however, respondent did not issue any refunds. In the statutory notices of deficiency issued to petitioners for the taxable years 1985 and 1986, respondent disallowed the claimed Schedule C deductions and the computed investment *456 tax credit. Petitioners relied upon (1) the advice given by Hunt concerning the investment and (2) GD&L's prospectus concerning the project. Based upon the advice they received, petitioners believed that this would be a sound investment for their retirement. They did not engage in any additional investigation into the business background of GD&L or of the marine dry cargo container business in general. They also had no prior experience in this field. In two Memorandum Opinions of this Court, it was concluded that the GD&L investment in marine dry cargo containers was an abusive tax shelter. See, e.g., Shortal v. Commissioner, T.C. Memo. 1992-560; Weiler v. Commissioner, T.C. Memo. 1990-562. According to these opinions, it was determined that the containers purportedly purchased did not in fact exist. Instead, it was concluded that the taxpayers purchased sham tax benefits from GD&L. In January 1991, Hunt was indicted in the U.S. District Court, District of Columbia, for devising and intending to devise a scheme and artifice to defraud CWI clients and the Internal Revenue Service (IRS) by creating and selling false *457 and fraudulent tax shelters as part of an investment program. [2] Hunt was also indicted for willfully aiding and assisting in and procuring, counseling, and advising the preparation and presentation to the IRS of Federal income tax returns which were false and fraudulent as to material matters, in that he represented that CWI's clients were entitled to claim deductions and tax credits in amounts which Hunt well knew and believed the taxpayers were not entitled to. Judgment was entered against Hunt in the U.S. District Court, District of Columbia, on March 23, 1993. [3]
*458 OPINION Section 6653(a)(1) and section 6653(a)(1)(A) impose an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) and section 6653(a)(1)(B) impose an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985); see Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Negligence is measured by an objective standard. Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir. 1991), affg. T.C. Memo. 1988-531. Respondent's determination of negligence is presumed correct and petitioners bear the burden of proving otherwise. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), *459 affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners argue that they were not liable for the additions to tax for negligence because they relied upon the advice of Hunt as their financial adviser in claiming the disallowed deductions and investment tax credits. This and other courts have on occasion accepted a "reliance" argument in shielding a taxpayer from liability for certain additions to tax. For example, where a taxpayer has relied upon the advice of an accountant or attorney, the courts have sometimes held inapplicable the addition to tax for negligence. E.g., Ewing v. Commissioner, 91 T.C. 396, 422-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991); Conlorez Corp. v. Commissioner, 51 T.C. 467, 474 (1968); see United States v. Boyle, 469 U.S. 241, 250-251 (1985). In such cases, the taxpayer must have acted in good faith. Horn v. Commissioner, 90 T.C. 908, 942 (1988). Petitioners sought a financial consultant *460 to help them invest funds for retirement. They were introduced to Hunt through their tax return preparer, Valentine, with whom they had a prior relationship of trust. Upon the advice of Hunt, petitioners invested in the GD&L project. Petitioners were unsophisticated, moderate-income investors, while Hunt had the appearance of being quite successful and knowledgeable in financial matters. Furthermore, petitioners had no reason to believe that Hunt was effectively a promoter of this project in that he received a fee from the lender associated with GD&L. Neither the prospectus nor Hunt himself represented that he had any financial or managerial affiliation with the GD&L project. See Kleiger v. Commissioner, T.C. Memo. 1992-734 (reliance solely on the tax shelter promoter to either prepare a return or advise in the preparation of the return is not prudent). Furthermore, petitioners no doubt obtained some reassurance from the fact that Valentine, who had introduced Hunt to petitioners, was now affiliated with Hunt. Given the educational background of petitioners, coupled with their lack of knowledge concerning financial matters, we find that it was *461 reasonable that petitioners trusted Hunt as their financial adviser. The unfortunate reality was that Hunt was later convicted of defrauding his clients by creating and selling fraudulent tax shelters. Under these circumstances, we hold that petitioners are not liable for the additions to tax for negligence. We, therefore, find for petitioners on this issue. To reflect the foregoing and the concessions by the parties, Decision will be entered for respondent as to the deficiencies, computation of interest pursuant to section 6621(c), and the addition to tax under section 6661 for the taxable years 1985 and 1986 and for petitioners with respect to the additions to tax under section 6653(a)(1) and (2) for the taxable year 1985 and section 6653(a)(1)(A) and (B) for the taxable year 1986. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Respondent determined in the alternative, that if petitioners were found not to be liable for the sec. 6659 addition to tax, petitioners were liable for the addition to tax imposed pursuant to sec. 6661.↩
2. 50 percent of the interest attributable to the deficiency.↩
2. The record was left open for submission of documents pertaining to Hunt's indictment and/or conviction in the District Court proceeding. A certified copy of the grand jury indictment, as well as a copy of the judgment, were submitted and received as exhibits in this case. The record was then closed by an order of this Court.↩
3. Hunt was also convicted of several counts of mail fraud pursuant to 18 U.S.C. sec. 1341↩.