Billie C. RAGER and Wanda L. Rager, Petitioners-appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-appellee.

No. 84–7785.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1985.

Decided Nov. 5, 1985.

Peter R. Stromer, Los Gatos, Cal., for petitioners-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard W. Perkins, William P. Wang, Douglas Coulter, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before GOODWIN and BRUNETTI, Circuit Judges, and STEPHENS *, District Judge.

GOODWIN, Circuit Judge.

Taxpayers appeal from an order of the Tax Court which upheld the Commissioner's findings of deficiency and ordered ad-

ditions to tax. We affirm, and impose sanctions.

Taxpayers petitioned the Tax Court for review of deficiencies in their income tax plus negligence penalties assessed by the Commissioner pursuant to 26 U.S.C. § 6653. The deficiencies were based upon the disallowance of taxpayers' contributions to the Universal Church of God, a charter church of the Universal Life Church, Inc.

The Tax Court refused to admit, on the grounds of hearsay, two letters which purportedly acknowledged receipt by the parent church of the taxpayers' contributions. The court also refused to admit copies of receipts which the taxpayers allegedly received from the parent church acknowledging their contributions, because taxpayers did not establish a proper foundation for admission of those receipts.

The Tax Court found that the taxpayers had failed to carry their burden of showing that the Commissioner incorrectly disallowed the deductions, that the Commissioner incorrectly assessed a deficiency or that the imposition of the addition to tax was in error. The court also held that, because taxpayers should have known that their case was frivolous, a $4,000 penalty was appropriate under 26 U.S.C. § 6673.

 Contributions to the Universal Life Church are tax deductible under 26 U.S.C. § 170, *see Universal Life Church Inc. v. United States*, 372 F.Supp. 770 (E.D.Cal.1974), but exemptions for parent churches do not automatically carry over to local charters. *Kalgaard v. C.I.R.*, 764 F.2d 1322, 1323 (9th Cir.1985); *Hall v. C.I.R.*, 729 F.2d 632, 634 (9th Cir.1984). The copies of checks which taxpayers presented to support their claims of deduction were payable to "Universal Church of God" with the initials "ULC" squeezed onto the same line. The copies showed only the front and not the back side of the checks. The Tax Court accorded no eviden-

---

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

tiary weight to the copies of the checks. The taxpayers also offered two letters from Universal Life Church officials which acknowledged receipt of taxpayers' contributions. The letters were written in 1983 although the contributions were allegedly made in 1980 and 1981. Furthermore, taxpayers' witness did not have and could not produce church records which could support the letters of receipt. The Tax Court, therefore, properly refused to admit the letters. *See,* Fed.R.Evid. 1006; *Kalgaard,* 764 F.2d at 1323–24.

Finally, the court refused to admit individual receipts offered as evidence of the contributions because taxpayers' witness had no personal knowledge of the contents of the receipts.

■ Given taxpayers' evidentiary failures, the Tax Court's findings that the checks had been altered, and that taxpayers' contributions were not subject to the control of the parent church, are not clearly erroneous. Those findings are sufficient to support its conclusion that the taxpayers failed to sustain their burden of showing that the Commissioner's assessment of deficiency was in error. *See* Tax Court Rule 142(a).

■ Taxpayers argue that because the Tax Court is not an Article III court, it cannot have jurisdiction over constitutional questions. Taxpayers' argument is frivolous; we have often upheld Tax Court decisions which were based on a constitutional inquiry. *See, e.g., Kalgaard,* 764 F.2d at 1324; *McCoy v. C.I.R.,* 696 F.2d 1234, 1236 (9th Cir.1983); *Edwards v. C.I.R.,* 680 F.2d 1268, 1270 (9th Cir.1982). Furthermore, Congress has provided taxpayers with a choice of forums in which to raise their disputes with the Commissioner. Taxpayers chose to proceed in Tax Court rather than pay the deficiency assessed and sue in federal district court for a refund. *See* 26 U.S.C. §§ 7422, 7442.. They cannot now complain about their choice to proceed in Tax Court.

■ Taxpayers argue that the imposition of a penalty for a frivolous, meritless peti-

tion is an unconstitutional infringement on their First Amendment right to petition the government for redress of grievances. But the right to petition protected by the First Amendment does not include the right to maintain groundless litigation. *See Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983).

■ The Commissioner is permitted to impose an addition to tax under 26 U.S.C. §§ 6653(a)(1) and (2) where the Commissioner assesses a deficiency because of taxpayer negligence or willful failure to pay tax. Given the lack of credible evidence which taxpayers presented here to support their assertion of deductibility of their contributions to Universal Life Church, the Tax Court was not clearly erroneous in upholding the Commissioner's assessment of an addition to tax. *See Kalgaard,* 764 F.2d at 1324.

■ The Tax Court is also authorized to impose a penalty for frivolous petitions. 26 U.S.C. § 6673. That court found the taxpayers' conduct to be frivolous and vexatious. This court has frequently affirmed such penalties. *See Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984); *McCoy,* 696 F.2d at 1235; *Edwards,* 680 F.2d at 1271. The Tax Court has the power to impose sanctions against willful abuse of the court meant to frustrate tax collection. The court's judgment is affirmed.

On appeal, the taxpayers' counsel knew that their position was frivolous. *See Larsen v. C.I.R.,* 765 F.2d 939 (9th Cir.1985); *Kalgaard,* 764 F.2d at 1324 (same counsel as this case); *Hall,* 729 F.2d at 633 (same counsel). The Tax Court did not impose sanctions here because of the ineptitude of the pro se litigants. Rather, it imposed sanctions because the taxpayers abused the court system. Their transparent plan to frustrate the revenue by means of sham charitable deductions justified sanctions, and the appeal justifies further sanctions in this court.

The Commissioner is entitled to double costs and $1000.00 attorney fees in this

court together with the judgment in the Tax Court. The taxpayers and their counsel are jointly and severally liable for the costs and fees on appeal.

Affirmed.

STEPHENS, District Judge, specially concurring.

I concur with my collegues in this case as to the result except the provision that the taxpayer's attorney should be jointly and severally liable with the taxpayer. Counsel made no effort to mislead the court as to applicable law, but rather contended that the facts were sufficiently difficult to merit a different result. We decided that there was no substantial difference. It is not wholly inappropriate to leave this decision to judicial determination. The appellate court has ample means, which are often employed, to avoid imposition on the court's time without imposing a penalty. The simplest is to decide the case without oral argument.

I would rest my decision as to the jurisdiction of the tax court to decide constitutional cases on the authority cited. No collateral support is necessary. Furthermore, a taxpayer's opportunity to choose to go either to the tax court or to the District Court is not always a free choice. It frequently depends upon whether the taxpayer can afford to pay the tax and then litigate. Unless he can, he must choose the tax court. I agree with the opinion not because he has a choice of courts but because the tax court has the requisite jurisdiction.