GEORGE J. HINTENBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hintenberger v. Commissioner
Docket No. 29968-87
United States Tax Court
T.C. Memo 1990-36; 1990 Tax Ct. Memo LEXIS 36; 58 T.C.M. (CCH) 1253; T.C.M. (RIA) 90036; January 22, 1990
George J. Hintenberger, pro se. Steve Johnson and Howard P. Levine, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In a notice of deficiency dated June 5, 1987, respondent determined a deficiency in and additions to petitioner's Federal income tax for 1983 as follows: Additions to Tax under Sections [1]
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
$ 4,104.00
$ 623.50 [2]
$205.20
*
$ 127.96
*39 By order dated October 28, 1988, we granted respondent's motion under Rule 91(f) that the facts set forth in respondent's proposed stipulation of facts be deemed established for the purposes of this case. At the conclusion of the trial we granted respondent's motion to conform the pleadings to the proof so as to reflect petitioner's filing status as a married person filing separately and respondent's concession that petitioner is entitled to dependency exemptions for himself, his wife, and two sons, Fred and George. The issues remaining for decision are whether for income tax purposes petitioner in 1983: (1) is entitled to compute his tax liability as the head of a household; (2) is entitled to three additional dependency exemptions; (3) is liable for the addition to tax under section 6651(a)(1) for failing to file a timely income tax return; (4) is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for negligence or intentional disregard of rules and regulations; (5) is liable for the addition to tax under section 6654(a) for failing to make estimated tax payments; (6) is not liable for any tax or additions to tax because an assessment for 1983 is barred *40 by the statute of limitations; and (7) is liable for damages under section 6673 for instituting or maintaining in this Court a proceeding primarily for delay, or in which his position is frivolous or groundless. Since all of the issues are primarily factual in nature we have combined our findings of fact and opinion. At the time he filed his petition petitioner was a resident of Florida. During 1983 he resided with his wife and two sons, Fred and George, in St. Petersburg, Florida. At trial petitioner testified that in June of 1983 Hai Vu and his wife, Kim Vu, and their minor son, Ngoc Vu, moved from France to St. Petersburg and resided with petitioner and his family for the remainder of the year. Petitioner also testified that Hai Vu is the son of petitioner's wife by a previous marriage and that Mr. & Mrs. Vu are natives of Vietnam. During 1983 petitioner was employed for about 50 weeks as a civil engineer by the City of South Pasadena, Florida, and at the end of the year received from the city a Form W-2 reflecting gross wages of $ 23,084.60, Federal income tax withheld of $ 1,610.70, and social security taxes withheld of $ 1,546.70. During 1983 petitioner also received *41 interest from the Glendale Federal Savings and Loan Association and Home Federal Bank of Florida (now the Barnett Bank) in the respective amounts of $ 474 and $ 57. 1. Documents Filed and Filing Status. On or about April 9, 1984, petitioner filed a document with the Internal Revenue Service Center at Philadelphia, Pennsylvania, which he claims to be his Federal income tax return for 1983. The document is entitled "Form 1040 - U.S. Individual Income Tax Return - 1983." However, the document contains only petitioner's name, occupation and social security number, an address in Bangkok, Thailand, and the statement "Refuse to answer on my 5th Amendment right." The document does not reflect petitioner's filing status, the number and names of the individuals for whom he claims dependency exemptions, or petitioner's income, adjustments to income, adjusted gross income, tax computation, tax credits, other taxes, tax payments and refund information. With the exception of the blanks for signatures on page two in all other blanks throughout the document there is written "RTAOM 5th AR," which apparently is an abbreviated form of petitioner's claim under the Fifth Amendment. The signature *42 blanks on page two of the document contain what purports to be the signatures of petitioner and his wife. When filed with respondent's Service Center, the document was accompanied by postal money orders made payable by petitioner to respondent for $ 503.30 and by a copy of the Form W-2 received by petitioner from the City of South Pasadena. It was not accompanied by Forms 1099 or any other document reflecting the interest income received by petitioner in 1983. A husband and wife may elect to file a single joint income tax return by filing a return and indicating thereon that their filing status is "married filing joint return." Sec. 6013(a). It is well established, however, that a document such as that filed by petitioner which does not contain sufficient information from which respondent can compute and assess the taxpayer's income tax liability and does not represent an honest and reasonable attempt to satisfy the requirements of the tax law, does not constitute an income tax return. Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). Reiff v. Commissioner, 77 T.C. 1169, 1177 (1981); United States v. Johnson, 577 F.2d 1304 (5th Cir. 1978). *43 Furthermore, petitioner's use of a so-called "fifth amendment return," or a document based on a blanket "fifth amendment claim," did not discharge petitioner's obligation to provide respondent with sufficient data from which his income tax liability could be computed. Reiff v. Commissioner, supra at 1178-1179; United States v. Daly, 481 F.2d 28 (8th Cir. 1973); and United States v. Porth, 426 F.2d 519 (10th Cir. 1970). Consequently, petitioner has failed to establish that he filed a Federal income tax return for 1983. Therefore, he is not entitled to have his tax liability computed on the basis of a joint return since no return was filed as of the date the case was submitted for decision. Sec. 6013(a); Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. 851 F.2d 1492 (D.C. Cir. 1988). In addition, since petitioner was married at the end of 1983, he does not qualify as the head of a household for income tax purposes. Sec. 6013(a). Therefore, the only filing status applicable to petitioner is that of a married individual filing a separate return. Secs. 1(d), 2(b) and 6013(a). 2. *44 Additional Dependency Exemptions. Petitioner contends that he is entitled to three additional dependency exemptions for Hai and Kim Vu, and their son, Ngoc Vu. Under section 151(a) an individual is entitled to exemptions for certain dependents in computing his taxable income. Under section 152 the term "dependent" includes certain family members who are citizens or residents of the United States, and who received over half of their support for the taxpayer's taxable year from the taxpayer. Petitioner has the burden of proof on this issue. Welch v. Helvering, 290 U.S. 111 (1933). In general, a "dependent" must be a member of the taxpayer's immediate family. Petitioner, however, failed to provide any documentary or other evidence to support his assertion that these three individuals were his stepson and the stepson's wife and son or that such individuals were citizens or residents of the United States during 1983 as required by section 152(b)(3). In other words, petitioner failed to call as witnesses his wife, the stepson, the stepson's wife, or to produce any documentary evidence such as passports, visas, driver's licenses, social security cards, or *45 birth certificates which would tend to establish even their existence let alone their status as citizens or resident aliens. Petitioner also failed to produce any evidence such as cancelled checks, receipts or other documents to corroborate his testimony that he provided more than half of the support for these individuals. His failure to produce such witnesses and such documentary evidence, or to provide any reasonable explanation for their absence, supports an inference that, if produced, they would not have favored petitioner. Cf. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). In short, petitioner has failed to carry his burden of proof on the elements necessary to establish his right to claim any dependency exemptions in addition to the four conceded by respondent. 3. Section 6651(a)(1) Additions to Tax. If the failure to file an income tax return on the prescribed date is not shown by the taxpayer to be due to reasonable cause and not due to willful neglect, the addition to tax provided by section 6651(a)(1) is applicable. We have previously concluded that petitioner *46 failed to file a document containing sufficient information from which respondent could compute and assess his income tax liability for 1983. With respect to the addition to tax under section 6651(a)(1), petitioner in effect contends that his failure to file a sufficient return is not due to willful cause because he refused to complete the Form 1040 on the basis of his asserted Fifth Amendment right. In support of this contention, petitioner relies on United States v. Sullivan, 274 U.S. 259 (1927). Sullivan, however, is not applicable because in that case the Supreme Court concluded that the Fifth Amendment cannot be used as an excuse for not filing a return. The Court went on to say that if "the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all." United States v. Sullivan, supra at 263. At the trial, petitioner claimed that his blanket Fifth Amendment claim was proper because he is an admitted bigamist and had been investigated in 1979 by the Immigration and Naturalization Service and *47 by the Federal Bureau of Investigation. His purported concern about criminal prosecution as a bigamist does not excuse him from providing the income and expense information required by the tax form. At most, it may have excused him from providing information concerning his filing status. Petitioner, however, went well beyond any reasonable attempt to invoke his Fifth Amendment right against compulsory self-incrimination in this case by making a blanket claim and refusing to provide any requested information. It has been held, both civilly and criminally, that a blanket Fifth Amendment claim does not evidence an honest and genuine attempt to satisfy the law. Reiff v. Commissioner, supra; United States v. Daly, supra; and United States v. Porth, supra.
Accordingly, on this record we conclude that petitioner's failure to file a sufficient income tax return was not due to reasonable cause and petitioner is liable for the addition to tax provided by section 6651(a)(1) as determined by respondent in the notice of deficiency dated June 5, 1984. 4. Additions to Tax Under Sections 6653(a)(1) and 6653(a)(2).
*48 Section 6653(a) provides that if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment plus an amount equal to 50 percent of the interest payable on that portion of the underpayment which is attributable to negligence. Petitioner has the burden of proof on this issue ( Bixby v. Commissioner, 58 T.C. 757, 791 (1972)) and his intentional failure to disclose the data from which a tax liability can be computed constitutes a sufficient basis for imposing the additions to tax for negligence. Reiff v. Commissioner, supra at 1181. We conclude, therefore, that petitioner is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2).
5. Section 6654(a) Addition to Tax. Under section 6654(a) an individual is liable for an addition to the tax in the case of any underpayment of estimated tax. The amount of the underpayment is the excess of the required installments over the amount of the installments paid on or before their due date. Withholding credits are deemed to be in payment of the estimated tax, *49 and an equal part is deemed paid on each due date for the taxable year, unless the taxpayer establishes the dates on which all amounts were actually withheld. Sec. 6654(g). We have found that during 1983 the amount of $ 1,610.70 was withheld for Federal income taxes from petitioner's earnings and that postal money orders totaling $ 503.30 were received by respondent with the Form 1040 filed by petitioner on or about April 9, 1984. Any underpayment which exists in petitioner's income tax liability after a computation under Rule 155 and after adjustments for prepayment credits is subject to the addition to tax provided by section 6654(a).
6. Statute of Limitations. Petitioner contends that any assessment against him for 1983 is barred by the statute of limitations. He argues that since his "return" for 1983 was filed prior to the statutory due date of April 15, 1984, and since respondent did not mail his notice of deficiency to petitioner until June 5, 1987, the assessment is barred by section 6501(a) which requires that an assessment be made within three years after an income tax return is filed. We have already found that the document filed by petitioner for 1983 did *50 not constitute a return. Consequently, petitioner failed to file a Federal income tax return for 1983 and the three-year period provided by section 6501(a) is not applicable. Instead, section 6501(c)(3) is applicable and it provides that there is no statute of limitations where no return is filed. Furthermore, even if the document he filed is found to be a return, the six-year statute of limitations provided by section 6501(e)(1) would be applicable because we have found that petitioner earned gross income of $ 23,615.60 in 1983, which is greatly in excess of 25 percent of the zero amount of income stated in the document. We conclude, therefore, that an assessment for 1983 is not barred by the statute of limitations. 7. Damages Under Section 6673. Under section 6673 we are authorized to award damages not in excess of $ 5,000 to the United States where we find that a proceeding has been instituted or maintained in this Court primarily for delay, that a taxpayer's position in a proceeding is frivolous and groundless, or that the taxpayer unreasonably failed to pursue available administration remedies. Liability under section 6673 cannot be avoided where frivolous and *51 groundless positions are maintained in this Court merely because one or more other issues not of that nature are decided. Rager v. Commissioner, 775 F.2d 1081 (9th Cir. 1985), affg. a Memorandum Opinion of this Court. Petitioner participated in some delaying tactics and maintained some frivolous and groundless positions in this proceeding. For instance, he declined to properly participate in the stipulation process and his wages and interest income had to be deemed admitted. Petitioner also continued to pursue his groundless position that he filed a valid Federal income tax return for 1983. Nonetheless, he had an arguable position with respect to his claim for additional dependency exemptions, even though he failed to carry his burden of proof on this issue with respect to three of the alleged dependents but at trial respondent conceded that petitioner was entitled to the other four. At trial respondent also conceded a substantial portion of the addition to tax under section 6651(a)(1). Under these circumstances we believe that an award of damages in favor of the United States is proper but should be limited to $ 1,000. Decision will be entered under Rule *52 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. On July 31, 1987, respondent attempted to increase the addition to tax under section 6651(a)(1) to $ 6,235 by mailing a second deficiency notice to petitioner which is identical in all other respects to the notice of June 5, 1987. However, at trial respondent conceded that the notice of June 5, 1987 is "operative" in this case.↩
*. 50 percent of interest due on $ 2,494.00. ↩