988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. SCHRAMM, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States Tax Court, Tax Ct. No. 13207-89.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Schramm appeals pro se the tax court's denial of his motion to revise the tax court's decision to impose 26 U.S.C. § 6673 sanctions of $10,000 on him for raising frivolous arguments in tax court in his petition challenging the Commissioner of Internal Revenue's (CIR) determination of deficiencies in income tax for the tax years 1985 and 1986. Schramm also contends that the amount of the sanctions exceeds the statutory maximum permissible at the time he filed his petition. We have jurisdiction under 26 U.S.C. § 7482, and we affirm the imposition of sanctions and the amount of the sanctions.
 
 
 3
 We review the tax court's determinations of law de novo and its findings of fact for clear error. See Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). The tax court's imposition of a penalty under 26 U.S.C. § 6673 is reviewed for an abuse of discretion. Id. at 1454.
 
 
 4
 * Imposition of Penalty
 
 
 5
 "The Tax Court may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (citing 26 U.S.C. § 6673). Section 6673 provides that the tax court may require a taxpayer to pay a penalty whenever it appears that proceedings have been instituted or maintained primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. 26 U.S.C. § 6673. The taxpayer bears the burden of showing that the assessments in the notice of deficiency are incorrect. See Tax Ct.R. 142(a); Rager v. Commissioner, 775 F.2d 1081, 1083 (9th Cir.1985).
 
 
 6
 Here, Schramm failed to file tax returns for the tax years 1985 and 1986 despite receiving taxable income for both years. The CIR issued notices of deficiency with additions to tax for both years. Schramm filed a petition in tax court challenging the notices of deficiency and additions to tax. At trial and in motions filed subsequent to his petition in the tax court, Schramm argued that pursuant to the community property laws of Arizona, one half of his income for 1985 and 1986 belonged to his wife. The tax court found merit to this argument and determined that because the CIR failed to present contrary evidence, Schramm was liable for taxes on only one-half of his income for 1985 and 1986.
 
 
 7
 In support of his contention that he was not liable for the assessed deficiencies and additions to tax on the income attributable to him, Schramm raised numerous arguments in his petition, at trial, and in various motions and pleadings below. Specifically, Schramm argued that (1) the Internal Revenue Service (IRS) violated unspecified procedural rules, (2) the notice of deficiency was somehow deficient, (3) unspecified actions were taken in excess of delegated authority, (4) there was no factual basis for the assessed penalties and no adequate hearing, (5) there is "[s]ystematic and widespread abuse of discretion by the IRS in the categorization and treatment of individuals classified as illegal tax protestors," and denial of their substantive due process rights, (6) he was unaware that he owed any tax and that he had to file a return, (7) he was not given an administrative hearing before issuance of the notice of deficiency, (8) the filing of substitute returns on his behalf by the IRS was unauthorized and without a valid return filed no assessment could be made against him, (9) he is a natural individual with no contractual relationship with the United States and thus the CIR has no basis to determine any tax liability against him, (10) income tax cannot be imposed and there can be no requirement that an individual file returns or pay income tax, and (11) the absence of assigned Office of Management and Budget control numbers to reporting requirements in the Treasury regulations precludes the requirement to provide the information on a 1040 tax form. After considering these arguments, the tax court concluded that "[t]he voluminous pleadings and paperwork submitted to [the] Court were substantially frivolous and groundless and indicate [Schramm's] desire to delay [the] proceeding," and that Schramm had "wasted a great deal of [the] Court's time and resources." Accordingly the tax court awarded damages to the CIR in the amount of $5,000 for each of the years 1985 and 1986 for a total of $10,000.
 
 
 8
 Our review of the record supports the tax court's conclusion that Schramm's arguments were substantially frivolous and groundless, and that he instituted the proceedings primarily for delay. See Grimes, 806 F.2d at 1454. His arguments have been repeatedly rejected by this and other courts and we find no need to address each argument individually. See e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Furthermore, Schramm filed tax returns and paid income taxes for approximately twenty years prior to and including 1983, and thus was well aware of his legal obligation to pay taxes. See Grimes, 806 F.2d at 1454. He also acknowledged receiving wage income during 1985 and 1986, the years in issue in this case. Thus, although Schramm raised one meritorious argument in addition to his frivolous arguments, the tax court correctly found that sanctions were nonetheless appropriate. See id.; Granado v. CIR, 792 F.2d 91, 94 (7th Cir.1986) (section 6673 sanctions appropriate even where taxpayer raised one meritorious argument in addition to several frivolous arguments).
 
 II
 Amount of Penalty
 
 9
 Schramm contends that the tax court erred by imposing a $10,000 penalty on him under section 6673 because the amount exceeds the statutory limit of $5,000 applicable to positions asserted prior to December 31, 1989. We disagree.
 
 
 10
 The Omnibus Reconciliation Act of 1989, Pub.L. No. 101-239, 103 Stat. 2106, section 7731, amended 26 U.S.C. § 6673(a)(1) by increasing the limit of a penalty assessment under the section from $5,000 to $25,000. Section 7731(d) of Pub.L. No. 101-239 provides, however, that "[t]he amendments made by this section [amending section 6673(a)(1) ] shall apply to positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date."
 
 
 11
 Here, trial on Schramm's petition occurred on May 15, 1990. The record reveals that Schramm raised many of his frivolous arguments at trial. Accordingly, because Schramm asserted many of his frivolous arguments after December 31, 1989, the tax court did not err by imposing sanctions of $10,000.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3