T.C. Memo. 1996-484


UNITED STATES TAX COURT


LAUREL ANN CURTIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11125-95.                Filed October 28, 1996.


        R determined deficiencies in and additions to P's
Federal income tax.  P failed to address substantively
the pertinent issues in this case and resorted instead
to making absurd, discredited, and misguided tax-
protester arguments.
        1.  Held:  R's deficiency determinations are
sustained.
        2.  Held, further, sec. 6651(a)(1), I.R.C.,
additions to tax are sustained against P.
        3.  Held, further, sec. 6654(a), I.R.C., additions
to tax are sustained against P.
        4.  Held, further, sec. 6673(a)(1), I.R.C.,
penalty in the amount of $15,000 is imposed, P's tax-
protester arguments being considered frivolous and
groundless, and this proceeding having been instituted
primarily for delay.

Laurel Ann Curtis, pro se.

Brenda M. Fitzgerald, for respondent.


MEMORANDUM OPINION

HALPERN, Judge:  By four separate notices of deficiency, each dated March 20, 1995, respondent determined deficiencies in petitioner's Federal income tax and additions to tax under sections 6651(a)(1) (failure to file tax return) and 6654(a) (failure to pay estimated tax) as follows:

|  |  | Additions to Tax | |
|  |  | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6654(a) |
| 1983 | $4,533 | $1,133 | $277 |
| 1984 | 5,098 | 1,275 | 321 |
| 1985 | 5,863 | 1,466 | 336 |
| 1986 | 10,619 | 2,655 | 513 |
| 1987 | 11,578 | 2,895 | 624 |
| 1988 | 11,156 | 2,789 | 713 |
| 1989 | 12,748 | 3,187 | 865 |
| 1990 | 13,969 | 3,492 | 920 |
| 1991 | 12,141 | 3,035 | 698 |
| 1992 | 22,074 | 5,519 | 964 |
| 1993 | 17,493 | 4,373 | 732 |

In addition to determining whether these deficiencies in tax and additions to tax should be sustained, we must determine whether petitioner must pay to the United States a penalty under section 6673(a)(1) on account of instituting or maintaining proceedings primarily for delay or taking positions that are frivolous or groundless.

Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner filed a petition on June 22, 1995. At that time petitioner resided in Portland, Oregon. In the petition, petitioner states the basis of her disagreement with respondent for each year in issue. Petitioner claims that respondent has attributed to her more income than she has earned and has allowed her far less expense than she has incurred and is allowed to deduct. In the petition, petitioner states that the relevant notices of deficiency are attached thereto. In the answer, respondent denies for lack of knowledge that complete copies of the notices of deficiency are attached to the petition. There are four separate pages attached to the petition, each dated March 20, 1995, each titled "NOTICE OF DEFICIENCY", and each setting forth the amounts of deficiencies and penalties (additions to tax) for two or more of the years in issue. Each page carries at the bottom the notation "(continued next page)", but no additional pages are attached to the petition.

Prior to the trial in this case, which was held in Portland, Oregon, on May 21, 1996, petitioner filed, among other motions, a motion to dismiss, a motion for sanctions against respondent for failure to litigate in good faith, and a motion for continuance

of trial pending U.S. District Court decision on petitioner's motion to quash 90-day deficiency notice. All of those motions were denied.

At the trial in this case, petitioner offered no stipulation of any agreed facts, nor did she offer any stipulated exhibits. She offered no other documentary evidence. She testified on her own behalf, but she did not rebut the adjustments giving rise to respondent's determinations of deficiencies in tax. The substance of her testimony was an argument that the Government has no authority to tax her income and that the Court has no authority to decide this case. Indeed, petitioner testified that she had stated to respondent's counsel in this case that she would "pay every dime, anything you say, if you [respondent's counsel] will show me in the tax code what section makes me liable for an income tax." Petitioner concedes that she has failed to file returns for the years in question or make any payments of tax.

Subsequent to the trial of this case, petitioner moved for sanctions, pursuant to rule 11 of the Federal Rules of Civil Procedure, against respondent. We denied that motion.

## Discussion

### I. Deficiencies In Tax

#### A. Adjustments In Issue

Rule 34(b) deals with the content of petitions in deficiency actions. Subdivision (8) of Rule 34(b) requires that a copy of

the notice of deficiency be appended to the petition and that there shall be included so much of any statement accompanying the notice as is material to the issues raised by the assignments of error. Petitioner received four notices of deficiency, and she attached to the petition only the first page of each. Those pages contain no explanation of the adjustments giving rise to respondent's determinations of deficiencies. Petitioner's testimony and portions of her brief filed June 20, 1996 (petitioner's brief), make it clear that there was more than one page to each of the notices of deficiency received by her. Indeed, attached to her brief is an "Exhibit A" (Exhibit A), which states that it is an explanation of adjustments for 1992 and 1993. Petitioner offers Exhibit A as a portion of the deficiency notice received by her for 1992 and 1993 that, according to her contention, contains a mathematical error. Petitioner has violated our Rules by not attaching to her petition the portions of respondent's notices that explain respondent's adjustments.

We have deduced, however, from Exhibit A and from petitioner's testimony and briefs that respondent's adjustments leading to the deficiencies in question result from respondent's claim that petitioner failed to report certain rental income from real estate in each of the years in issue. Exhibit A states:

> It is determined that you received gross income from rental income as shown above. The gross income amounts have been determined according to the information

available, including information provided by the payers of rental income and/or third party recordkeepers.

Moreover, in petitioner's brief, she states: "The alleged deficiency notices admit petitioner's <u>only</u> source of income was in the form of real estate rents including rents from property not owned or otherwise controlled by petitioner." (Emphasis added.)

Further, from petitioner's testimony, we deduce that the essential point of petitioner's disagreement with respondent over the real estate income concerns whether petitioner <u>still</u> owns the real property in question. Petitioner testified:

> In our meeting [petitioner with respondent's counsel] I pointed out that they [the IRS] were attributing real estate rents from property that I've not owned, controlled or had any interest, no financial interest in whatsoever, for at least a decade. * * *

Thus, we shall determine whether petitioner has proven that she no longer owns the real estate in question.

B. <u>Burden Of Proof</u>

The general rule is that the burden of proof is upon petitioner, Rule 142(a), which she must carry by a preponderance of the evidence, e.g., <u>Schaffer v. Commissioner</u>, 779 F.2d 849, 858 (2d Cir. 1985), affg. in part and remanding <u>Mandina v. Commissioner</u>, T.C. Memo. 1982-34. This case involves unreported income, however, and it is likely that any appeal will lie to the Court of Appeals for the Ninth Circuit. Under <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672

(1977), to which we defer in accordance with the doctrine of Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we must examine the record to determine whether there is a minimal evidentiary foundation supporting respondent's determination of unreported income.[1] If there is not, respondent's determination will be deemed arbitrary and, consequently, she will lose her presumption of correctness and will be forced to go forward with the evidence. Weimerskirch v. Commissioner, supra. The record, however, does contain evidence supporting respondent's determination of unreported income, and, therefore, the burden of proof remains entirely with petitioner.

---

[1] Although Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), dealt specifically with illegal unreported income, it is now well established that the Court of Appeals for the Ninth Circuit applies the Weimerskirch rule in all cases of unreported income where the taxpayer challenges the Commissioner's determination on the merits. E.g., Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982) (in that case, involving unreported income from an income-generating auto repair business owned by the taxpayer, the court stated: "We note, however, that the Commissioner's assertion of deficiencies are presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income. Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979)."); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989) ("the Ninth Circuit requires that respondent come forward with substantive evidence establishing a 'minimal evidentiary foundation' in all cases involving the receipt of unreported income to preserve the statutory notice's presumption of correctness. Weimerskirch v. Commissioner, 596 F.2d at 362." (Emphasis added.)); Roat v. Commissioner, 847 F.2d 1379, 1382 (9th Cir. 1988) (Commissioner can rely on the presumption that his determination is correct if taxpayer does not contest the determination on the merits).

Respondent determined unreported income from real estate that petitioner concedes she once owned, but claims she no longer owns. Petitioner cannot credibly maintain that she does not know what real estate respondent has in mind. Moreover, ownership of real estate is a matter that is commonly proved in courts of law. Indeed, attached as exhibits to petitioner's brief are affidavits that petitioner claims prove just that issue. Petitioner has the burden to prove that she no longer owns the real estate in question. Petitioner, however, has failed to carry that burden.

C. Ownership of Real Estate

In the petition, petitioner avers nothing with respect to the ownership of any real estate. Petitioner's brief contains sections titled "Petitioner's Sworn Statement of Facts" and "Proposed Findings of Fact". Neither section, if intended to be petitioner's proposed findings of fact, complies with Rule 151(e)(3).[2] The first section, "Petitioner's Sworn Statements of

---

[2] Rule 151(e)(3) provides:

(e) Form and Content: All briefs shall contain the following in the order indicated:

\* \* \* \* \* \* \*

(3) Proposed findings of fact (in the opening brief or briefs), based on the evidence, in the form of numbered statements, each of which shall be complete and shall consist of a concise statement of essential fact and not a recital of testimony nor a discussion or argument relating to the evidence or the law. In each such numbered statement, there shall be inserted references to the pages of the transcript or the

(continued...)

Facts", is a narrative concerning certain portions of petitioner's life, with particular reference to income tax difficulties.  It does not relate to the evidence in this case; it contains no references to the transcript, exhibits, or other sources relied upon to support statements.  It does not address ownership of the real estate in question.  The second section, "Proposed Findings of Fact", contains no proposed findings, but contains petitioner's proposals for the Court to take particular actions and for the Court to accept her arguments concerning the law.  Attached to petitioner's brief are various exhibits, including exhibits that appear to be attempts at affidavits addressing ownership of certain real estate.  Those exhibits are not evidence, and we shall not consider them.

Petitioner testified that the deficiencies in question were attributable to real estate rents from property that she no longer owned.  Petitioner offered no corrobative evidence, either testimonial or written, to support that assertion.  Indeed, she failed even to identify the properties in question.  Given petitioner's failure to corroborate her assertions, we need not, and decline to, take them at face value.  See, e.g., Day v.

[2](...continued)
    exhibits or other sources relied upon to support the
    statement.  In an answering or reply brief, the party
    shall set forth any objections, together with the
    reasons therefor, to any proposed findings of any other
    party, showing the numbers of the statements to which
    the objections are directed; in addition, the party may
    set forth alternative proposed findings of fact.

Commissioner, 975 F.2d 534, 538 (8th Cir. 1992), affg. in part, revg. in part T.C. Memo. 1991-140; Liddy v. Commissioner, 808 F.2d 312 (4th Cir. 1986), affg. T.C. Memo. 1985-107. We disbelieve petitioner's testimony that she did not own the properties in question and accord it no weight. Petitioner has failed to carry her burden of proving that she did not own the real estate in question.

D. Rents Includable In Gross Income

Petitioner has not argued that the real estate in question was not rent producing, nor has she produced evidence to that effect. Rents are includable in gross income. Sec. 61(a)(5). Petitioner has failed to convince us that there is any error in respondent's adjustments increasing her gross income on account of the omission of certain rental income.

E. Petitioner's Legal Arguments

Petitioner's principal legal arguments in this case are directed to the authority of the Government to tax her income and the authority of the Court to hear her case. Petitioner's brief contains a section titled "Petitioner's Statement on Points of Law", which contains a list of petitioner's legal arguments. In pertinent part, that list is as follows:

6. Petitioner had no income within the meaning of the law.

7. Petitioner's real estate rents are not subject to an income tax as a matter of law.

8. An income tax on petitioner's rents pursuant to Pollock is an unapportioned direct tax.

9.  No statute makes Petitioner legally "liable" for an income tax.

10.  No statute authorizes the Secretary to estimate an amount of tax based on a return.  The Secretary has statutory authority only to <u>estimate</u> a tax omitted to be paid <u>by stamp</u>.

11.  No <u>assessment</u> exists, therefore, no deficiency can arise as a matter of law.

12.  If a return is not filed the Secretary is limited by law to either assessing the tax or bringing an action in court for collection.  The Secretary has done neither in this case.

13.  By law all Internal Revenue Code sections require an implementing regulation to become enforceable or mandatory.

14.  Code section 6211 is totally without implementing regulation.

15.  By law, no penalties can be imposed under a Code section lacking legislative regulation.

16.  By law, no tax is due until an <u>assessment</u> is made and the date for payment arrives.

17.  The income tax laws are based on voluntary self-assessment not upon distraint.

18.  The 16th Amendment did not give Congress any new taxing power.

19.  Code section 6651 has no legislative regulation having the force and effect of law to apply penalties for failure to file or pay an income tax.

20.  Code section 6654 <u>requires</u> an original estimated assessment of the tax and underpayment before penalties can apply.

21.  Code section 6673 has absolutely no legislative implementing regulation and is without the force and effect of law.

22.  Code section 6214 limits the jurisdiction of Tax Court to <u>redetermining a deficiency</u> when <u>a return is deficient</u>.

23.  By law, Tax Court has no authority to decide matters of law or Constitutional issues.

24.  The deficiency notices are null and void because they were issued in violation of procedures required by law.

25.  By law, Tax Court cannot acquire jurisdiction if petition is coerced or compelled under duress.

26.  It is fact that a civil case is decided based upon a preponderance of the evidence.  Petitioner gave evidence in sworn testimony that the deficiency notices were not true.  All of this evidence and all of the other issues raised by petitioner went undenied, unchallenged and unrefuted by respondent and, therefore, must be considered by the Court to be true.

Petitioner's contentions are typical tax-protester arguments, which have been rejected repeatedly by the courts. For example, the Tax Court has jurisdiction to decide constitutional questions.  E.g., Rager v. Commissioner, 775 F.2d 1081, 1083 (9th Cir. 1985) (finding taxpayer's argument to the contrary to be frivolous), affg. T.C. Memo. 1984-563.  An unapportioned income tax on real estate rents does not violate the taxing clauses of the U.S. Constitution.  See Brushaber v. Union Pac. R.R., 240 U.S. 1, 17-18 (1916); see also New York ex rel. Cohn v. Graves, 300 U.S. 308, 314 (1937) (stating that a tax on income from real property is different from a tax on the real property itself, distinguishing Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, on rehearing 158 U.S. 601 (1895)); United States v. Nelson (In re Becraft), 885 F.2d 547, 550 (9th Cir. 1989) (imposing, sua sponte, sanctions on attorney for raising unapportioned direct tax argument on appeal); Ficalora v.

Commissioner, 751 F.2d 85, 87 (2d Cir. 1984) (holding that an unapportioned income tax on wages is constitutional).  A tax return is not a prerequisite of a valid notice of deficiency. See Schiff v. United States, 919 F.2d 830, 832 (2d Cir. 1990); Roat v. Commissioner, 847 F.2d 1379, 1381-1382, 1384 (9th Cir. 1988) (denying Government's request for sanctions, but warning that the rejected arguments "have no place in this court."); Hartman v. Commissioner, 65 T.C. 542, 546 (1975).  Petitioner's other arguments are equally frivolous and without merit.  All of petitioner's legal arguments are rejected as without merit.

F.  Conclusion

Respondent's determinations of deficiencies are sustained in full.

II.  Additions to Tax

A.  Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Petitioner bears the burden of proof as to reasonable cause and the absence of willful neglect.  See Rule 142(a).

Petitioner has conceded that she consciously decided not to file returns for the taxable years in issue.  Petitioner only offers unreasonable tax-protester arguments to justify her failure to file.  Petitioner has not carried her burden of proof.

Respondent's determinations of additions to tax under section 6651(a)(1) are sustained.

B.  Section 6654(a)

Section 6654(a) imposes an addition to tax for failure to make timely estimated income tax payments.  Section 6654(e) contains exceptions to application of the addition to tax.[3] Petitioner bears the burden of proving that she paid estimated tax or that any of the exceptions apply.  See Rule 142(a).

Petitioner concedes that she paid no tax, and she has not proven that any of the exceptions apply.  Again, petitioner only offers unreasonable tax-protester arguments to justify her failure to comply.  Petitioner has not carried her burden of proof.  Respondent's determinations of additions to tax under section 6654(a) are sustained.

III.  Penalty

Respondent orally moved that we impose a penalty on petitioner pursuant to section 6673(a)(1).  Section 6673(a)(1) provides that we may impose a penalty of up to $25,000 where, among other things, a taxpayer has instituted or maintained proceedings primarily for delay or where the taxpayer takes positions that are frivolous or groundless.  A taxpayer's position is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the

---

[3]    For some of the years in issue, different subsections of sec. 6654 contain the exceptions.

law * * *  The inquiry is objective.  If a person should have known that his position is groundless, a court may and should impose sanctions."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Booker v. Commissioner, T.C. Memo. 1996-261; see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (apparent finding that petitioner should have known that claim was frivolous allows for section 6673 penalty).

Based on the record in this case, we conclude that petitioner's position in this proceeding is both frivolous and groundless and that petitioner undertook certain actions primarily for delay.  Petitioner has never substantively addressed the pertinent issues in this case, which relate to the correct determination of income and deductions for the years in issue and various additions to tax.  Instead, petitioner has asserted absurd, discredited, and misguided tax-protester arguments such as the following:  (1) the Internal Revenue Code does not make anyone "liable" for an income tax, (2) the Internal Revenue Code contains no mandatory provisions, and therefore, compliance is voluntary, (3) the Tax Court has no authority to decide matters of law or Constitutional issues, and (4) an income tax on petitioner's rents pursuant to Pollock v. Farmers' Loan & Trust Co., supra, is an unapportioned direct tax.

Petitioner has maintained her frivolous and groundless positions not only by way of her testimony and on brief, but also in numerous additional written submissions to the Court, all of

which have required consideration and response by the Court. Petitioner's pretrial motions--her motion to dismiss, her motion for sanctions against respondent for failure to litigate in good faith, and her motion for continuance of trial pending U.S. District Court decision on petitioner's motion to quash 90-day deficiency notice--run 24 pages, 59 pages, and 53 pages, respectively. Her posttrial motion for rule 11 sanctions against respondent runs 26 pages. Petitioner's motions repeat many of the same arguments made by her on brief and at trial. In addition, they contain new propositions that are equally without merit. We cannot escape the conclusion that some or all of petitioner's actions have been taken to delay the final resolution of her case.

Petitioner's filings have been both numerous and lengthy. Notwithstanding the lack of merit to her arguments, she has caused both the Court and respondent to expend scarce resources to respond to those filings and to conduct a trial that barely touched the grounds of respondent's determinations of deficiencies. Although this appears to be petitioner's first trip to the Tax Court, she is deserving of a significant penalty because of the persistence of her frivolous assault.

Accordingly, respondent's oral motion for damages will be granted and petitioner will be required to pay to the United States a penalty in the amount of $15,000.

An appropriate order and

decision will be entered.