122 F.3d 1069
 80 A.F.T.R.2d 97-6535, 97-2 USTC P 50,681
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel L. BOYCE, DeLynn E. Boyce, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 97-70031, 7168-96.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from an Order of the United States Tax Court
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joel and DeLynn Boyce appeal pro se the tax court's dismissal of their petition for a redetermination of tax deficiencies and additions to tax for failure to state a claim pursuant to Tax Court Rule 40. We have jurisdiction under 26 U.S.C. § 7482. We review the tax court's dismissal de novo, see Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986) (per curiam), and we affirm. We also impose a $2,000 sanction against the Boyces for filing a frivolous appeal.
 
 
 3
 The Boyces's arguments on appeal are frivolous. First, the Sixteenth Amendment authorizes a direct non-apportioned income tax on resident United States citizens. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988). Second, compensation for labor or services, paid in the form of wages or salary, is income subject to taxation. See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981). Third, the tax court has jurisdiction over constitutional questions even though it is not an Article III court. See Rager v. Commissioner, 775 F.2d 1081, 1083 (9th Cir.1985). Finally, the Boyces are subject to the federal income tax laws despite their claimed status as natural born citizens. See United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986) (stating that an "absolute, freeborn and natural individual" is subject to federal taxes).
 
 
 4
 Although we recognize that the Boyces are pro se litigants, we impose a sanction of $2,000 for raising arguments on appeal that are wholly without merit. See Fed. R.App. P. 38; Wilcox, 848 F.2d at 1008-09.[1]
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4 Accordingly, we deny appellants' request for oral argument. We also deny appellants' July 29, 1997 motion to take judicial notice of documents from the IRS's Individual Master File, appellants' July 28, 1997 motion to strike portions of appellees's answering brief, appellants' August 8, 1997 "Petition to Take Judicial Notice, Petition to Admit Further Documentary Evidence of 6209 Manual [and] Addendum to July 25 Motion to Strike," and appellants' August 14, 1997 motion to stay enforcement of the tax court order
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Boyces do not appear to contest the tax court's imposition of penalties under 26 U.S.C. § 6673. To the extent that they do, we conclude the tax court did not abuse its discretion by imposing the penalties. See Grimes, 806 F.2d at 1454 (stating that we review a sanction imposed pursuant to 26 U.S.C. § 6673 for an abuse of discretion)