TRILBY PEDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pederson v. Commissioner
Docket Nos. 8913-91, 13910-92
United States Tax Court
T.C. Memo 1994-555; 1994 Tax Ct. Memo LEXIS 560; 68 T.C.M. (CCH) 1142; 68 Trade Cas. (CCH) P1142; November 2, 1994, Filed *560 Decision will be entered under Rule 155. For petitioner: Stephen M. Moskowitz, Sandra G. Scott, and Marcus Merchasin. For respondent: Emily J. Kingston. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for taxable years 1985, 1986, and 1987 as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651
6653(a)(1)
6653(a)(2)
6661
1985
$ 40,735
$ 10,881
$ 2,176
50% of the
$ 10,184
interest due
on $ 40,735
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651
6653(a)(1)(A)
6653(a)(1)(B)
6661
1986
$ 95,275
$ 24,975
$ 4,995
50% of the
$ 23,778
interest due
on $ 95,275
1987
58,253
14,563
2,913
50% of the
14,563
interest due
on $ 58,253
Unless otherwise indicated, all section references are to the Internal Revenue Code for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by the parties, which will be given effect in the Rule 155 computation, the issues for decision are: (1) Whether petitioner's *561 endurance horse activity and tax preparation activity should be treated as one activity or two separate activities for purposes of section 183, and whether petitioner's endurance horse activity was engaged in with the intent to make a profit within the meaning of section 183 during the years at issue. We hold that petitioner's endurance horse activity and tax return preparation activity are two separate activities within the meaning of section 183. We further hold that petitioner's horse activity was not engaged in with a profit objective under section 183. (2) Whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for taxable year 1985 and under section 6653(a)(1)(A) and (B) for taxable years 1986 and 1987. We hold that she is. (3) Whether petitioner is liable for an addition to tax for a substantial understatement of tax under section 6661 for the years at issue. We hold that she is. FINDINGS OF FACT The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Los Gatos, California, when she filed her petition for 1985. Petitioner listed San Jose, California, as her residence when she *562 filed the petitions for 1986 and 1987. These cases were consolidated for trial, briefing, and opinion. In 1976, petitioner began a tax and accounting business in which she primarily prepared Federal, State, and business tax returns for her clients. During the years at issue, petitioner worked 16 hours a day and serviced between 400 and 600 clients each year in her tax preparation business. In 1982, petitioner entered into the activity of boarding, conditioning, and selling horses, and competitive endurance horse riding (horse activity). Petitioner is the current world champion mileage record holder in this sport. Endurance horse riding entails traveling over rugged terrain 50 to 100 miles a day on marked trails. To finish is to win in endurance horse riding, and horses have died in an attempt to do so. Petitioner has been featured in several publications widely read in the endurance racing community including Endurance Riding, a book in which petitioner was on the cover, Western Horseman, Endurance News, Arabian Horse World, Trailblazer, and Trail Digest. According to petitioner, she spends 4 to 5 hours daily, 7 days a week, on her horse activity which includes feeding, grooming, *563 graining, exercising, and worming her horses. Petitioner has sold a total of 12 horses since 1987; petitioner sold no horses in 1985 or 1986. There are no purses or other monetary awards offered in endurance horse riding. There is no question that petitioner has never made a profit with respect to the horse activity during her 10-year involvement with endurance riding. Petitioner combined her horse activity income and expenses with her tax return preparation income and expenses on one Schedule C for each of the years at issue. Petitioner filed her 1985 Federal income tax return on March 28, 1988, and her 1986 and 1987 returns on July 26, 1989. Petitioner's tax return preparation activity gross receipts and expenses and horse activity income and expenses for the years at issue are as follows: Item
1985
1986
1987
Gross receipts:
$ 167,897 $ 218,299 $ 152,618 Tax return prep.
business
Expenses incurred:
(94,960)
(103,478)
(112,624)
Tax return prep.
business
Income from horse
1,200 4,101 3,170 activity
Expenses incurred:
(75,525)
(114,062)
(70,720)
Horse activity
Petitioner claims that she is entitled to deduct the expenses relating to her horse *564 activity under section 162(a) as advertising and promotional expenses. Petitioner claims that the sole purpose of engaging in the horse activity is to gain clients for her tax return preparation activity. Additionally, petitioner claims that she was engaged in the horse activity with the intent to make a profit. Respondent determined that petitioner's horse activity during the years at issue did not constitute an activity engaged in for profit under section 183, and thus the expenses related thereto are not deductible. OPINION Issue 1. Endurance Horse Activity
The first issue for decision is twofold: (1) Whether petitioner's endurance horse activity and tax preparation activity should be treated as one activity or two separate activities for purposes of section 183; and (2) whether petitioner's endurance horse activity was engaged in with the intent to make a profit within the meaning of section 183(a). Respondent determined that petitioner's horse activity is a separate and distinct undertaking from the tax return preparation activity, and furthermore petitioner engaged in the horse activity with no bona fide objective of profit. We agree. Separate or Single Activity
*565 Section 1.183-1(d), Income Tax Regs., provides, where the taxpayer is engaged in several undertakings, each of these may be a separate activity, or several undertakings may constitute one activity. In ascertaining whether two or more undertakings of the taxpayer may be treated as one activity, we consider all of the facts and circumstances, including the degree of organizational and economic interrelationship, the business purpose served by conducting the undertakings together or separately, and the similarity of the undertakings. Id.; see also Schlafer v. Commissioner, T.C. Memo. 1990-66. The Commissioner will generally accept the characterization by the taxpayer of several undertakings either as a single activity or as separate activities. Sec. 1.183(d), Income Tax Regs. The taxpayer's characterization will not be accepted, however, when it appears that his or her characterization is artificial and cannot reasonably be supported under the facts and circumstances of the case. Id. If two undertakings are treated as two activities, the profit and losses of each are considered separately in deciding if each activity was conducted with a *566 profit motive. Id.
Petitioner argues that the two undertakings are related in that she is trying to specialize her tax return preparation activity to accommodate the needs of the equine community. The horse activity, according to petitioner, is the vehicle by which she gains clientele for her tax preparation activity. Petitioner contends that in order to gain clients in the equine community, it was necessary for her to become respected in the community, and therefore she had to perform well in endurance riding. Petitioner claims that her success and notoriety in the equine community is actually an advertising scheme for her tax preparation business. An examination of the entire record, however, fails to reveal any evidence linking the two undertakings. Petitioner provided no evidence that any of her colleagues in the endurance horse world were also clients of her tax preparation business. In fact, when asked at trial if any overlap existed, petitioner responded by saying she did not know. Petitioner has been in the endurance horse activity since 1982 yet she does not know of any clients of her tax activity whom she obtained from her involvement with the horse activity. *567 Thus, we find no degree of organizational or economic interrelationship between the two undertakings. Moreover, we do not accept petitioner's testimony that a business purpose is served by carrying on the horse activity and tax preparation activity together as a single activity, nor do we find any similarity between the two. [1]
Petitioner likens her undertakings to the example of a businessperson who attends church regularly in hopes of obtaining more clients. It appears, however, that petitioner's example would be more analogous if the businessperson, claiming to gain clients, became a member of the clergy and bought the church. In light of the criteria stated in section 1.183-1(d), Income Tax Regs., and considering all the facts and circumstances of the instant case, we find that petitioner's endurance horse activity and tax preparation activity are two separate and distinct activities within the meaning of section 183 as determined *568 by respondent. Profit Motive
As we have decided that petitioner's undertakings are two separate activities, we now consider the profit and losses of the horse activity separately in deciding if the horse activity was conducted with a profit objective. Section 183 allows only specified deductions unless an activity is engaged in for profit. Section 183(c) defines an activity not engaged in for profit as any activity other than one with respect to which deductions are allowable for the taxable years under section 162 or under paragraph (1) or (2) of section 212. Petitioner argues that she engaged in the horse activity with the objective of making a profit; respondent contends otherwise. An activity engaged in for profit is one in which the taxpayer has an actual and honest, if not reasonable, objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). Respondent's determination is presumptively correct, and petitioner bears the burden of proving her profit objective. Rule 142(a). The determination of profit objective is a factual *569 one that is resolved based on all surrounding facts and circumstances. Finoli v. Commissioner, 86 T.C. 697, 722 (1986); sec. 1.183-2(b), Income Tax Regs.
Although the purpose of the test is to determine the taxpayer's subjective intent, greater weight is placed on objective factors rather than the taxpayer's statement of his or her intent. Beck v. Commissioner, 85 T.C. 557, 570 (1985); sec. 1.183-2, Income Tax Regs. In making the profit-motive analysis, courts have relied on the factors enumerated in the regulations under section 183. Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 727 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472; Brannen v. Commissioner, 78 T.C. 471 (1982), affd. 722 F.2d 695 (11th Cir. 1984). No single factor is determinative of the issue. Section 1.183-2(b), Income Tax Regs., provides the following nonexclusive list of nine factors that should normally be taken into account in determining whether an activity is engaged in for profit: (1) The manner *570 in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on other similar or dissimilar activities; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation involved in the activity. A review of the entire record in this case persuades us that petitioner has failed in her burden of proving that her endurance horse activity was engaged in for profit. We find that all the above-enumerated factors weigh against petitioner. First, the manner in which the taxpayer carries on the activity is one indication of a profit objective. Sec. 1.183-2(b)(1), Income Tax Regs.Elements relevant to this factor include whether the taxpayer maintained complete and accurate books and records, whether the activity was conducted in a manner substantially similar *571 to other comparable businesses that are profitable, and whether changes were attempted in order to improve profitability. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). Petitioner argues that she has maintained records for her activities. Petitioner has kept records; however, these records consist in large part of receipts and canceled checks that cannot be traced back to any one activity. The receipts offered generally do not indicate from which business they were issued or to which activity they correspond. Petitioner is a successful tax return preparer, who performs accounting and bookkeeping tasks for her clients, yet her own records are maintained in such a manner that it cannot be determined how they relate to any particular activity. Furthermore, although petitioner incurred substantial expenses with respect to the horse activity, there is no indication from the record that she at any time endeavored to change her method of operation in order to make the horse activity profitable. The presence of losses in the formative years of a business is not inconsistent with an intention to achieve a later profitable level of operation, bearing *572 in mind, however, that the goal must be to realize a profit on the entire operation, which presupposes not only future net earnings but also sufficient net earnings to recoup the losses that have meanwhile been incurred in the intervening years. Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967). Petitioner was involved in the endurance horse activity for over a 10-year period never making a profit. Petitioner expended over $ 260,000 in the horse activity just during the 3-year period involved herein while earning only $ 8,516 income for the same period. Given this type of record, we see no possibility that petitioner ever intended to be able to earn the income necessary to recoup her substantial expenditures. It is clear from the record that petitioner failed to maintain complete and accurate books and records for the horse activity, did not conduct the activity in a manner substantially similar to other comparable, profitable businesses, and petitioner attempted to make no changes in order to improve profitability. Accordingly, we find this factor weighs against petitioner. Second, *573 preparation for the start of an activity through extensive study of its accepted business, economic, and scientific practices, or consultation with those who are experts therein indicates that the taxpayer has entered into the activity for a profit. Sec. 1.183-2(b)(2), Income Tax Regs. Petitioner testified that she sought the advice of several professionals including Mr. Courtney Hart of the World Equestrian Team, Mr. Charles Kessinger, a veterinarian, and Ms. Bazy Tankersley whom petitioner named as the foremost Arabian horse breeder in the United States. Petitioner testified in a general way that she consulted with these advisers regarding the feeding, grooming, exercising, and housing of horses in addition to racing, pedigrees, and championships. Petitioner did not, however, mention in any detail what was discussed with these advisers or how these discussions in any way aided her in making her horse activity profitable. As none of petitioner's advisers testified at trial, we have only petitioner's vague testimony upon which to rely. Furthermore, there is no evidence in the record that petitioner conducted a thorough investigation into the profitability of her horse activity. *574 It is unlikely that one would incur such substantial expenses with respect to an activity, which he or she intends to be profitable, without making a complete investigation of how to do so. Accordingly, we find that this factor weighs against petitioner. Third, the time and effort expended by the taxpayer in carrying on the activity is an indication of whether a profit motive existed. Sec. 1.183-2(b)(3), Income Tax Regs. Petitioner did expend time on the horse activity as she devoted a few hours a day and weekends to the activity. Again, however, petitioner testified only in a very general manner what tasks she performed. Moreover, it is unclear from the record the amount of time personally expended by petitioner on the activity rather than her hired personnel. We find this factor weighs against petitioner. Fourth, an expectation that the assets used in the activity may appreciate in value is an indication of profit motive. Sec. 1.183-2(b)(4), Income Tax Regs. The record is simply lacking in evidence sufficient to establish the amount of appreciation anticipated by petitioner in the activity. Fifth, the success of the taxpayer in carrying on other activities can be some *575 indication of whether the taxpayer had a profit objective for the activity in question. Sec. 1.183-2(b)(5), Income Tax Regs. In comparing petitioner's income and expenses of both activities from the chart on page 5 of this opinion, it is clear that petitioner does know how to make a business profitable as her tax preparation business is quite successful. The taxpayer's history of income, losses, and occasional profits with respect to an activity can be indicative of a profit objective. Sec. 1.183-2(b)(6) and (7), Income Tax Regs. At no time during petitioner's 10-year involvement in the horse activity did she realize a profit. In fact she incurred large losses. Petitioner testified that she had a made profit from selling a horse that she had originally purchased at a lower price; however, when compared with the endurance horse operation as a whole, the expenses overwhelmingly and consistently outweigh the income earned. We find this factor to weigh against petitioner. Substantial income from sources other than the activity in question may also be an indication of the lack of a profit objective especially where losses from the questioned activity produce substantial tax benefits. *576 Sec. 1.183-2(b)(8), Income Tax Regs. Petitioner quite successfully carried on a full-time tax return preparation business earning over $ 550,000 during the years at issue. With such an income, petitioner could easily afford a hobby, particularly when it is partially financed through the tax benefit derived from taking the losses. Finally, the presence of personal pleasure or recreation involved with the activity indicates lack of profit motive. Sec. 1.183-2(b)(9), Income Tax Regs. We find this factor weighs against petitioner in that the record clearly establishes that the horse activity had substantial personal and recreational aspects. It is clear that petitioner gained a great deal of pleasure endurance horse riding, competing, and associating with others having the same interest. We find that the personal pleasure and recreation derived from the horse activity was the primary and motivating factor in undertaking the activity. Accordingly, based upon all the facts and circumstances of the instant case, and the factors considered in section 1.183-2(b), Income Tax Regs., we find that petitioner did not have an actual and honest objective to make a profit with respect to *577 the horse activity within the meaning of section 183. Issue 2. Negligence
The next issue for decision is whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for taxable year 1985 and under section 6653(a)(1)(A) and (B) for taxable years 1986 and 1987. For the taxable years at issue, section 6653(a)(1)(A), for 1986 and 1987, and section 6653(a)(1) for 1985, impose an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, and section 6653(a)(1)(B), for 1986 and 1987, and section 6653(a)(2) for 1985, impose an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence includes any failure to make a reasonable attempt to comply with the law. Secs. 6653(a)(3), 6662(c). Respondent's determination that petitioner's underpayment *578 was due to negligence is presumptively correct and must stand unless petitioner can establish that she was not negligent. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner is a tax return preparer. The standard for determining negligence is based upon what a reasonable and ordinarily prudent person would exercise under the circumstances. Petitioner's occupation as a tax return preparer is such a circumstance to be taken into consideration. See Johnson v. Commissioner, T.C. Memo. 1992-151. Petitioner admits that, as a tax return preparer, she is not only familiar with the above-enumerated factors contained in section 1.183-2(b), Income Tax Regs., but is also aware that separate businesses require separate Schedules C. We find, based upon the facts and circumstances of the instant case, that given petitioner's experience and knowledge, petitioner was negligent in combining the two activities in an attempt to obtain the benefit of sheltering income earned from her tax return preparation business. Accordingly, we find that petitioner is liable for *579 the negligence additions to tax under section 6653 for the years at issue. Issue 3. Substantial Understatement
Respondent determined that petitioner is liable for an addition to tax for a substantial understatement of income tax under section 6661 for taxable years 1985, 1986, and 1987. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, is equal to 25 percent of the amount of any underpayment attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-503 (1988). A "substantial understatement" occurs when an understatement exceeds the greater of $ 5,000 or 10 percent of the amount of tax required to be shown on a return. Sec. 6661(b)(1)(A). An "understatement" means the excess of the amount of the tax required to be shown on a return over the amount of tax imposed which is shown on the return (reduced by any rebates within the meaning of section 6211(b)(2)). Sec. 6661(b)(2)(A). Section 6661(b)(2)(B) provides for the reduction of an understatement by that portion of the understatement which is *580 attributable to either: (1) The tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Petitioner argues that she is not liable for the addition to tax for a substantial understatement of income tax under section 6661 because she had substantial authority for her position. There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of the authorities supporting contrary positions. Accardo v. Commissioner, 942 F.2d at 453; Antonides v. Commissioner, 91 T.C. 686 (1988), affd. 893 F.2d 656, 659 (4th Cir. 1990). The taxpayer's belief that the authorities regarding the tax treatment of an item constitute substantial authority is not to be taken into account in determining whether there is substantial authority. Schirmer v. Commissioner, 89 T.C. 277, 284 (1987); *581 sec. 1.6661-3(b)(1), Income Tax Regs.
Petitioner's argument in support of the contention that she had substantial authority for her position is based upon her reliance on "relevant factors in Regulation 1.183-2(b) and the court cases thereunder relating to horses." Petitioner contends that she "believed that she came under * * * 1.183-2(b)". Petitioner, however, has not brought to the Court's attention any such cases supporting her position. Furthermore, we determined above that the factors contained in section 1.183-2(b), Income Tax Regs., weigh against petitioner in the instant case. We find that substantial authority does not exist in support of petitioner's position in the instant case; accordingly, petitioner is liable for the addition to tax for a substantial understatement of income tax under section 6661 for taxable years 1985, 1986, 1987. To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. See Peterson v. Commissioner, T.C. Memo. 1987-508↩.